## FRANK v. BRADY.

Where F sued on a note which had two endorsements, signed by the payee; the first a receipt from F for the amount due; the second, in the words "without recourse to me:" *Held*, that there was no presumption that the endorsements were made at different times, or that the payment was a voluntary unconditional payment.

In such case, it was proper for the Court to instruct the jury, as a matter of law, to find for the plaintiff, in the absence of evidence showing a legal or moral obligation on the part of plaintiff to pay the debt of defendant.

This Court will not review an order denying a continuance, except where there has been an abuse of the discretion vested in them by the Court below.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

Frank sued the defendant in the Court below, and on the trial thereof, based his case on the following promissory note:

"On demand, I promise to pay Mayer Schultz or his agent, H. L. Kohn, one thousand dollars, with interest at the rate of three per cent. per month.          LEWIS BRADY.

"SAN FRANCISCO, August 23, 1852."

Across the back of the said note were two several writings, viz. :

"SEPTEMBER 25TH, 1852.
" Rec'd the payment of the within sum, and thirty-three dollars interest, by the hands of Mr. Isaac Frank.
" MAYER SCHULTZ, by
" H. L. KOHN, Agent."

" Without recourse to me.
" MAYER SCHULTZ, by H. L. KOHN, Agent."

Plaintiff proved the various signatures to the note, and then rested his case.   There being no testimony offered by the defence, the Court, as a matter of law, instructed the jury that they should find for the plaintiff.   They found accordingly.   Judgment for plaintiff.   Defendant moved for a new trial, which being denied, he appealed.

*C. H. S. Williams* for Appellant.

*B. S. Brooks* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.
This was a suit upon a promissory note.
The appellant assigns two errors; 1st, The refusal of the Court below to grant a continuance; and 2d, Misdirection of the jury by the Court.
The affidavit for a continuance does not, in our opinion, show sufficient diligence on the part of the defendant.   This was the second trial of the case.   The witness had testified on the former trial, and was in the city of San Francisco until a few days before the second trial.   The defendant relied on his promise to attend, and took no pains to secure his testimony, by deposition or otherwise.   It is true, that the affidavit states that he caused a subpœna to be issued, which was not served; but it does not appear whether it was issued before or after the departure of the witness, and the inference, from all the facts and circumstances stated, is, that it was issued after the witness had left the jurisdiction of the Court.   The refusal to grant a continuance under these circumstances was not such an abuse of discretion as to call for the interposition of this Court.
Upon the back of the note sued on there was the following endorsement: "September 25th, 1852.  Rec'd the payment of the within sum, and thirty-three dollars interest, by the hands of Mr. Isaac Frank.  MAYER SCHULTZ, by H. L. KOHN, Agent."

"Without recourse to me. MAYER SCHULTZ, by H. L. KOHN, Agent."

The defendant contends that the endorsements were not made at the same time; that the first was a receipt in full as a payment of the note by Frank; that the debt was extinguished by this payment, and could not be revived by the second endorsement, so as to enable Frank, the holder, to maintain an action upon it. It was contended that these facts could be established by the absent witness, and this was the ground for asking a continuance. On the trial, however, there was no evidence offered to substantiate this defence, and the case went to the jury upon the note and endorsements, the Court instructing them that, as a matter of law, the plaintiff was entitled to recover. It is urged that this instruction was erroneous, for the reason that it was a matter of fact for the jury to determine whether the endorsements were made at the same time, and whether the payment by Frank was intended as an extinguishment or purchase of the note. The holder of a negotiable note is *prima facie* the owner thereof for a valuable consideration.

There is no evidence in this case to warrant the presumption that the endorsements were made at different times, or that the plaintiff voluntarily paid the debt of the defendant. If testimony had been introduced tending to establish a legal or moral obligation on the part of the plaintiff to pay the note, it would have been proper for the Court, in view of these circumstances, to have left the jury to determine whether the first endorsement or memorandum upon the note was intended by both parties as a receipt for the payment of the same. In the absence of all testimony, however, I think the two endorsements must be taken together as forming one contract of assignment, and that it never was the intention of the plaintiff to pay unconditionally the debt of the defendant.

Judgment affirmed.