ARTHUR THORNTON, Respondent, v. JOHN THOMPSON, Appellant.

No. 466; January 11, 1865.

**New Trial—Denial of Continuance—Affidavits.**—Where a refusal of a continuance, asked on the ground of the absence of a material witness, is made the basis of a motion for a new trial, an affidavit of such witness must be produced, if obtainable, and if it is not obtainable this should be shown.

**Continuance—Discretion of Court.**—The Granting of a Continuance is a matter largely within the discretion of the trial court.

**Trial—Notice of Jury.**—By Failure to File, within six days of the beginning of the term, a notice that a jury will be required a party waives a jury.

APPEAL from Fifth Judicial District, San Joaquin County.

Action to recover possession of real property.

Budd & Carr and Tyler & Cobb for respondent; T. A. Caldwell, J. G. Jenkins and Geo. Cadwalader for appellant.

SAWYER, J.—In a case where an application for continuance on the ground of the absence of a witness has been refused, "the party whose application has been refused should move for a new trial, and support the application by the affidavit of the absent witness, if such affidavits can be obtained, or it should be shown to the court that they cannot be obtained. Unless this be done this court will not interfere, in civil cases, with the action of the lower court": Pilot Creek Canal Co. v. Chapman, 11 Cal. 162. The granting or refusing of a continuance rests very much in the discretion of the court, and its action in such cases will not be reviewed except in cases of manifest abuse of such discretion: Musgrove v. Perkins, 9 Cal. 211; Frank v. Brady, 8 Cal. 47. No such abuse of discretion is shown in this case. Nor was the affidavit of the absent witness procured, or the want of it accounted for on motion for new trial.

A jury was waived, under the statute, by a failure to file with the clerk six days before the commencement of the term a notice that a jury would be required: Laws 1863, p. 636, sec. 23. The case had been set down to be tried on the 7th by consent of parties, although it was known by the defendant at the time it was so set down that no jury had been summoned to be present at any time before the 9th, and it was manifestly understood by the parties that the case was to be tried by the court without a jury, until defendant failed to obtain a continuance, after which he demanded a jury. Doubtless it was for this reason that the court in its discretion enforced the statutory waiver.

There was no error in denying a nonsuit. The evidence was that the land had been fenced and occupied for a number of years—that the fence had been in part washed away by the floods, and that plaintiff had been for sometime before and down to the Saturday night previous to the entry complained of (which was on Monday) engaged in refencing. The evi-

dence of possession was sufficient under the circumstances, notwithstanding the reinclosure had not been completed. There was also evidence tending to show that the plaintiff while in possession was expelled by force, and that he received two wounds, one from a shot fired by defendant, and the other from a shot fired by defendant's son. There was no error in refusing a nonsuit at the close of defendant's testimony. Nor should we be justified in setting aside the finding as being contrary to the evidence.

Judgment and order affirmed.

We concur: Sanderson, C. J.; Rhodes, J.; Currey, J.; Shafter, J.