## E. McDONALD v. F. KATZ, and JOHN LAHM.

31 167<br>138 742

INSOLVENT PROCEEDINGS.—In proceedings in insolvency the notice to creditors should be published for the first time at least thirty days before the day fixed for the creditors to appear and show cause why the prayer of the alleged insolvent should not be granted.

JUDGMENT IN INSOLVENT PROCEEDINGS.—If the notice to creditors in insolvent proceedings is not published the first time at least thirty days before the day fixed for the creditors to appear and show cause, etc., a judgment of discharge rendered by default is void.

JURISDICTION IN INSOLVENCY.—Proceedings in insolvency are special, and no intendments can be made in favor of the jurisdiction.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The defendant Katz appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Charles A. Tuttle*, for Appellant, argued that the notice to creditors was in the nature of a summons, and its publication for four weeks gave the Court jurisdiction of the creditors, and that all other proceedings, when jurisdiction was thus acquired, were movements within the jurisdiction, and that a failure to comply with the order of the Judge to publish the notice for thirty days before the day fixed for the meeting of creditors, was a mere irregularity which was not fatal to a judgment by default. In support of this, he cited *Bennett* v. *His Creditors*, 22 Cal. 42 ; and *Brewster* v. *Ludekins*, 19 Cal. 171.

*Jo. Hamilton*, for Respondent, argued that proceedings in

insolvency were *stricti juris*, and that as the law made it necessary that thirty days time be given from the date of the first publication of the notice to the day fixed for the meeting of creditors, that the Court acquired no jurisdiction unless this provision was complied with; and cited *Clark* v. *Ray*, 6 Cal. 604; *Cheever* v. *Hays*, 3 Cal. 471; *McAllister* v. *Strode*, 7 Cal. 430; and *Bloom* v. *Benedict*, 1 Hill, 130.

By the Court, Shafter, J.:

This is an action upon a promissory note executed by the defendants jointly. Katz alone was served with process, and he answered, setting up a discharge from the note under proceedings in insolvency. It appeared from the evidence offered by Katz in support of this defense, that his petition in insolvency was filed January 26th, 1863, and that the Judge on the same day made an order for the creditors to appear and show cause, etc., and for the Clerk to issue a notice calling upon the creditors to appear and show cause before the Judge at chambers, on Saturday, the 28th of February, 1863, at eleven o'clock A. M., why the prayer of the alleged insolvent should not be granted. The order further directed that the notice should be published at least once a week, for four successive weeks, in a newspaper published and printed in the county. It further appeared from the affidavit offered in evidence, that the publication of the notice was commenced on the 31st of January and ended on the 28th of February, 1863. The plaintiff objected to the evidence on the ground that thirty days time had not been given for the appearance of the creditors from the date of the first publication. None of the creditors appeared on the day fixed in the notice, nor thereafter. The objection was sustained by the Court, and the defendant excepted to the ruling.

The evidence was properly excluded. Under the Act relating to insolvent debtors, as amended in 1860, (Acts 1860, p. 283,) creditors are entitled to at least thirty days from the date of the first publication of the notice in which to appear

before the Court or Judge and show cause why the prayer of the petitioner should not be granted—or if they should have no cause to show, then to appear and participate in the appointment of the assignees. They are entitled to the whole of this interval as clearly as they are to any part of it, and to the whole of it as clearly as they are to the whole or any part of the four weeks continuous notice by publication. The proceedings are special and no intendments can be made in favor of the jurisdiction. Everything bearing upon that question must appear affirmatively. (*McAllister* v. *Strode*, 7 Cal. 430; *Judson* v. *Atwill*, 9 Cal. 478; *Meyer* v. *Kohlman*, 8 Cal. 47; *Swain* v. *Chase*, 12 Cal. 283; *Dorsey* v. *Barry*, 24 Cal. 449.) The counsel of the defendant, not controverting this rule, claims, however, that the Court acquired jurisdiction of the parties by the mere force of the four weeks publication, and that the shortening of the interval allowed by law to the creditors in which to appear and show cause why the petition should not be granted from thirty days to twenty-eight days, was not of jurisdictional consequence, but an irregularity merely. But as the jurisdiction is a statute creation, the alleged distinction is an impossible one. It was held in *Whitwell* v. *Barbier*, 7 Cal. 64, that the "law required Courts of special jurisdiction to follow the rules which create and govern them, and that that which in a Court of general jurisdiction would be a mere irregularity would absolutely deprive the former of all jurisdiction." But however that may be, as we construe the statute, the Court had no power to appoint assignees or to take any step in the proceedings until after the creditors had been made parties thereto by a knowledge on their part of what was on foot, ranging through a period of thirty days, and arrived at through a publication of twenty-eight days considered as a means. The jurisdiction does not turn upon the means as detached from the resulting benefit intended to be secured to the creditors, but upon the means and end considered in connection.

Judgment affirmed.