[No. 6,799.—In Bank.]

ERNEST CERF, Assignee, etc., *v.* W. J. OAKS.

INSOLVENCY—CONSTRUCTION OF STATUTE—JURISDICTION.—The Court can acquire jurisdiction to discharge an insolvent from his debts only by the publication of notice to creditors, but the jurisdiction to make the orders which precede the publication of the notice attaches when the petition and schedule are filed.

ID.—ID.—ADJUDICATION OF INSOLVENT—DEFINITION.—Under the Insolvency Act of 1852, and the supplementary act of 1876, the petitioner who applies to be discharged from his debts is adjudged an insolvent (within the meaning of the 6th section of the latter act) when the order is made for a meeting of creditors.

ID.—ID.—ID.—ID.—ID.—ATTACHMENT.—An attachment was levied by the defendant as Sheriff upon the property of one B., who on the same day filed his petition as an insolvent under the act of May 4th, 1851, and its amendments. Thereupon the Judge of the County Court made an order staying all proceedings, and directed the clerk to give notice of a meeting of creditors, and—this notice having been published more than forty days prior to the day fixed for the meeting and being on that account ineffectual—ordered a new notice to be published, which was done accordingly, and on the day named the plaintiff was elected assignee and B. adjudged an insolvent. In the mean time judgment had been rendered in the attachment suit and execution issued:

*Held*, That the attachment was dissolved by the orders directing the clerk to issue and publish notice to creditors and staying proceedings against the debtor, and that the plaintiff was entitled to recover.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the First District Court of San Luis Obispo County. FAWCETT, J.

*Naphtaly, Freidenrich & Ackerman*, for Appellant.

The order of January 16th required the creditors to meet on March 3d. No meeting having been held on that day, the proceedings lapsed and became discontinued, and could not be revived by an order subsequently made. The order of March 8th was void. It was not based upon a petition which was at that time presented to said County Judge. (§ 5.) The order to show cause must be made at the time the petition is presented to the County Judge. On March 5th, 1880, the Insolvency Court had acquired no jurisdiction over the creditors of Bennett. (*McDonald* v. *Katz*, 31 Cal. 169.) The jurisdictional facts are : first, a petition setting forth substantially,

such a state of facts as will bring the case within the provisions of the statute, and show petitioner is entitled to the relief therein provided for; and, second, due publication of notice to creditors. (*Friedlander* v. *Loucks*, 34 Cal. 24; *Brewster* v. *Ludekins*, 19 id. 162; *Bennett* v. *His Creditors*, 22 id. 40; *Hastings* v. *Cunningham*, 39 id. 143.)

*G. F. & W. H. Sharp*, for Respondent.

In insolvency proceedings, jurisdiction rests upon presentation of the petition, schedules, oath, and certificate of the judge. (*Langenour* v. *French*, 34 Cal. 99; *Friedlander* v. *Loucks*, id. 18; *Wilson* v. *His Creditors*, 32 id. 406; *Rusher* v. *Sherman*, 28 Barb. 416; *Bennett* v. *His Creditors*, 22 Cal. 42.) The order of March 8th was made to correct the mistake as to time in order of January 16th. Unquestionably the Court had power to make the order as it had the first order to amend by.

McKINSTRY, J:

This is an action for the recovery of certain goods and chattels, or their value. The plaintiff had judgment, and defendant's motion for a new trial being denied, this appeal was taken.

From the findings of the Court it appears that by virtue of an attachment issued out of the District Court, in a suit wherein Schaeffer & Co. were plaintiffs, and one Bennett was defendant, the defendant herein, who was Sheriff of San Luis Obispo County, on the 16th day of January, 1879, seized the personal property in controversy in this action; that thereafter, on the same day, said Bennett filed in the County Court of said county a petition as an insolvent under the act of May 4th, 1852, and its amendments; that the Judge of the County Court, on said 16th day of January, made an order staying all proceedings against said insolvent, and directed the clerk to give notice of a meeting of creditors, to be held March 3d, 1879, which notice was published, and that the first publication of said notice was more than forty days prior to the day fixed for the meeting; that on the 4th day of February, 1879, the proceedings in insolvency not having been brought to the notice of said District Court, the said

District Court rendered a judgment in favor of Schaeffer & Co., plaintiffs, against Bennett, defendant, and on the 8th day of February, 1879, execution was issued thereon directed to said Sheriff, by virtue of which, said Sheriff, the defendant herein, on the 5th day of March, 1879, sold said property at auction to the highest bidder; that said Schaeffer & Co. were duly notified of the pendency of said insolvency proceedings and of all the steps taken therein from the filing of the petition; that on the 8th day of March, 1879, the Judge of the said County Court made an order, reciting the fact of the order of January 16th, fixing March 3d for the meeting of creditors, and that the first publication of the notice thereunder was more than forty days before said March 3d, and directed the creditors to meet on the 16th day of April, 1879, and show cause, etc., all proceedings in the mean time to be stayed; that on the said 16th day of April, the said creditors met and selected Cerf, the plaintiff herein, to be the assignee, and said Bennett was adjudged to be an insolvent.

The Court can acquire jurisdiction to discharge an insolvent from his debts only by due publication of the notice to creditors—certainly so unless *all* the creditors appear on the day fixed for their meeting. (*McDonald* v. *Katz,* 31 Cal. 167; *Langenour* v. *French,* 34 id. 92; *Flint* v. *Wilson,* 36 id. 24.) But the jurisdiction to make the orders which precede publication of the notice to creditors attaches when the petition and schedule are filed. The order to stay proceedings was, therefore, valid. It operated by its own force, and the law did not require any notice of it to the Sheriff. (*Taffts* v. *Manlove,* 14 Cal. 47.)

By the insolvent law of 1880, it is provided that all attachments made within one month of the commencement of the proceedings shall be dissolved. (§ 17.) This exact provision is not found in the act of 1852. But by the sixth section of the supplementary act it is enacted: "If any debtor shall be adjudged insolvent, either under this act or the acts to which it is supplementary, all attachments upon the property of said debtor which were levied at any time within two months before filing the petition are dissolved, and all such property shall vest in the manner and with like effect as provided in said acts, in the assignee or assignees to be appointed in such

case." (Stats. 1875–6, p. 582.) Neither the act of 1876 nor the acts to which it is supplementary provide for a formal adjudication of insolvency. But it is clear that the section of the act of 1876, above cited, does not refer to the final discharge. The petitioner who applies to be discharged from his debts is adjudged an insolvent when the order is made for a meeting of creditors. As with the bankrupt law of the United States, the acts of 1852 and 1876 do not intend that the Court shall inquire *dehors* the record, whether the petitioner is or is not insolvent. If his petition and sworn schedules show him to be insolvent, he is so adjudged, as of course. If the petition and schedules show on their face that he is not insolvent, the Court may refuse to proceed. By making the orders which the statute provides shall be made upon the presentation of a proper petition and schedules, the Court adjudicates the petitioner to be insolvent. The adjudication is, necessarily, based only on the petition and schedules, since it is made without notice to the creditors. The act of the petitioner is for the benefit of all the creditors, and can not be retracted on the application of some of them, even with the debtor's consent. (Bump's Bankrupt Law, p. 20.)

It follows that the attachment levied on the day the petition was filed, was dissolved by the orders requiring the creditors to show cause, directing the clerk to ssue and publish a notice to creditors, and staying proceedings against the debtor (act of 1852, §§ 5, 8, 9), and, by the same orders, the property which had been attached vested in the assignee (act of 1876, § 6), with the right in him to recover possession of the same. (Act of 1852, § 34.)

Judgment and order affirmed.

Thornton, J., Ross, J., Sharpstein, J., Morrison, C. J., and McKee, J., concurred.