MORRISON, C. J., SHARPSTEIN, J., McKINSTRY, J., and THORNTON, J., concurred.

Ross, J., concurred in the judgment.

---

[In Bank.—December 27, 1883.]

## R. M. BRANGON, RESPONDENT, *v.* HIS CREDITORS, B. W. BROOM, A CREDITOR, APPELLANT.

INSOLVENCY—RIGHT OF OPPOSING CREDITOR TO WITHDRAW OPPOSITION.—Any creditor of an insolvent may file his opposition to the debtor's discharge, and may withdraw the same at his pleasure, without the consent of the other creditors.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco granting a discharge in insolvency.

The facts appear in the dissenting opinion of MR. JUSTICE Ross.

*E. I. Hutchinson,* and *David Lyon,* for Appellant.

*J. R. Brandon,* for Respondent.

MYRICK, J.—We are of opinion that each creditor may file his opposition to the discharge of the debtor, and may control the same to the extent of withdrawing, whether other creditors consent thereto or not.

Judgment affirmed.

MORRISON, C. J., THORNTON, J., and SHARPSTEIN, J., concurred.

Ross, J., dissenting.—This was a proceeding in insolvency under the Insolvent Act of 1852. Within statutory time,

under the provisions of section 20 of the act, Henry Cowell, a dissenting creditor of the insolvent, who had proved up his claim, filed a written opposition to the discharge of the insolvent, grounded on fraud.  The accusation was answered by the insolvent, but before any trial was had of the issues raised by the answer, the attorneys for the insolvent and the opposing creditor stipulated to withdraw the opposition and answer, and to allow the proceedings in insolvency to go on, as if no opposition had been filed.  To that, however, the appellant, who was also a schedule creditor of the insolvent, and had proved and filed his claim, objected, upon the ground, as stated in his affidavit, "that the stipulation was fraudulently, collusively, and corruptly entered into by and between said Cowell and said Brangon, whereby, in consideration of the sum of two thousand five hundred dollars, then paid or secured to be paid by said Brangon, and at the request of said Brangon, the said Cowell agreed and promised to withdraw and dismiss the said opposition theretofore filed by him in the matter above entitled." Upon this affidavit the appellant asked leave to intervene and prosecute the opposition proceeding, offering, at the same time, to substantiate by proof the charges which he had made in the affidavit as to the collusion and fraud by which the stipulation had been made, and the offer was met by the insolvent's attorney, who stated "his readiness to prove, by witnesses then present, that such charges of collusion and fraud on the part of Cowell and the insolvent were utterly false and untrue." But the court refused to hear the affirmations and denials of fraud in procuring the stipulation, denied the application of the appellant to intervene, dismissed the opposition, and afterwards discharged the insolvent debtor from his debts and liabilities.

By section 20 of the Act of 1852, provision is made by which any one or more of the creditors may, within ten days next following the appointment of an assignee, contest the proceedings on the ground of fraud by filing a written opposition, stating specifically the acts of fraud charged; whereupon, and upon receiving the insolvent's answer thereto, a jury is required to be summoned to try the issue, which, if established, forever deprives the insolvent of the benefit of the act.  But because each and every creditor is by the act entitled to file a written

opposition to the proceedings within ten days next following the appointment of an assignee, I do not think that each and every one is necessarily bound to do so in order to protect his right. "A creditor intending to oppose the discharge," as said in *In re Houghton*, 10 N. Bank. Reg. 239, "may find that this duty has been assumed by another creditor; he examines the specifications and considers them sufficient; perhaps he consults with that creditor, and finds him determined to prosecute the case. Suddenly he learns that the opposition is to be waived," and this pursuant to an alleged fraudulent and collusive arrangement between the insolvent debtor and the opposing creditor, and after the statutory time for the filing of another opposition has passed. Can such a practice be tolerated? Is the court powerless to prevent itself from being made the instrument for carrying into effect an arrangement of such a nature? I think not. Good faith upon the part of the insolvent in making the assignment is by the statute made prerequisite to his right to a discharge. When written charges of fraud in making the assignment are duly filed, the insolvent debtor is required to answer them, and if he denies them, they are to be disposed of in accordance with law. The statute provides that the court must thereupon summon a jury to try them. No doubt the charges may, by the consent of *all* parties in interest, and by the permission of the court, be withdrawn. But of course the court ought not and would not permit such withdrawal if there was reason to believe the charges were true. But who are the parties in interest? Are they the insolvent debtor and the opposing creditor only? I think not. When the petitioner is adjudged insolvent, all his creditors become parties in the proceedings and interested therein. The petitioner cannot retrace his steps and cause his petition to be dismissed, unless by the consent of all of his creditors; and this because each and every creditor is directly interested. (*Cerf* v. *Oaks*, 59 Cal. 135; Bump's Bankrupt Law, p. 20.) So, too, when one creditor files an opposition to the proceedings, charging fraud on the part of the insolvent, every other creditor is interested in the charge, for its disposition is bound to affect his rights. Every creditor has a right to rely upon the charge being prosecuted in good faith, and if the creditor who files it fails so to prose-

cute it, I think any other creditor entitled to assume the burden.

The judgment should be reversed.

McKEE, J., concurred in the dissenting opinion of MR. JUSTICE ROSS.