KEYSTONE DRILLER CO., Applicant, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

FOREIGN CORPORATION—PETITION IN INSOLVENCY—PROHIBITION.—A foreign corporation which has designated no person residing in this state upon whom process may be served under the act of March 17, 1899 (Stats. 1899, p. 111), cannot maintain any action or proceeding in the courts of this state, and prohibition will lie to prevent the superior court from proceeding upon its voluntary petition in insolvency.

ID.—REPEAL BY IMPLICATION.—The provisions of the act of March 17, 1899, are not repealed by implication from the terms of the act of March 8, 1901 (Stats. 1901, p. 108), requiring foreign corporations to file a certified copy of their articles of incorporation with the secretary of state.

ID.—CONSTITUTIONAL LAW.—The act of 1899 is not in conflict with the fourteenth amendment to the constitution of the United States. A foreign corporation is not entitled as of right to the same privileges as are enjoyed by domestic corporations.

ID.—RESIDENCE OF FOREIGN CORPORATION—INSOLVENT ACT.—A foreign corporation has its residence outside of the state, and cannot become a voluntary insolvent under the laws of this state, which confine such privilege to residents of the state. It can only be made the subject of involuntary insolvency, under section 9 of the Insolvent Act, in the county where it has its principal place of business.

WRIT OF PROHIBITION to the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Montague T. Moses, for Applicant.

Wal. J. Tuska, for Respondent.

VAN DYKE, J.—This is an application for a writ of prohibition.

The petition, among other things, states that on or about the twenty-ninth day of July, 1901, in the city and county of San Francisco, state of California, the Keystone Driller Company, the petitioner herein, sold and delivered to the

Paraiso Oil Company certain machinery known as a "Keystone Driller" for drilling oil-wells, and tools for use in connection therewith, and to secure payment for part of the purchase price thereof the said Paraiso Oil Company executed and delivered to the Keystone Driller Company a certain promissory note for the sum of seven hundred dollars, with interest thereon, and payable ninety days after date; that said note was not paid at maturity and has not been paid; that the said Paraiso Oil Company then owned and possessed in the county of Monterey in said state, the said machinery and tools and other personal property, and also an interest in real property in said county of Monterey; that on the sixteenth day of October, 1902, while the said Paraiso Oil Company was so indebted to the said Keystone Driller Company, the latter commenced an action in the superior court of the city and county of San Francisco against the Paraiso Oil Company, and, at the time of commencing said action, caused a writ of attachment to be therein issued to the sheriff of the county of Monterey against the property of the said Paraiso Oil Company, and the said property was thereupon attached and held by the sheriff under and by virtue of said writ of attachment, and said sheriff still continues to hold said property, save and except and so far as the said holding may have been changed or modified by the action of the said superior court in the proceeding hereafter stated.

That while said property was in the possession of and held by virtue of said writ of attachment, the said Paraiso Oil Company, on the fourteenth day of November, 1902, made and filed in the superior court of the city and county of San Francisco its verified petition in voluntary insolvency, together with the schedule and inventory and valuation, as provided in the Insolvency Act of 1895 of the state of California, and therein prayed to be adjudicated an insolvent debtor, a copy of which said petition and schedule and inventory are made a part of the petition herein. In said petition in insolvency it is stated that whereas the Paraiso Oil Company is unable to meet its obligations and is insolvent, and actions at law having been commenced against said corporation, and its property having been attached by process of law, the said corporation, by consent of its directors, filed a petition in

insolvency in accordance with the provisions of an act of the legislature of the state of California, entitled "An act for the relief of insolvent debtors, for the protection of creditors, and. for the punishment of fraudulent debtors, approved March 26, 1895;" that upon the filing of said voluntary petition in. insolvency by said Paraiso Oil Company, the said superior court filed and entered in said matter an order adjudging the said Paraiso Oil Company an insolvent debtor within the meaning of said act, and further ordered that the said sheriff of Monterey County be appointed receiver, and as such take possession of all the property, real and personal, of said insolvent company, except such as may be exempt from execution. The petition herein further states that, as appears by the schedule and inventory accompanying the petition in insolvency, the major portion of the assets and property of the Paraiso Oil Company consists of the property sold by the petitioner herein to said Paraiso Oil Company, and in part payment for which the promissory note sued on in said action was given; that all the creditors of said Paraiso Oil Company as set forth in said schedule, except the Keystone Driller Company, and the Salinas Valley Lumber Company (whose claim was only $96.69), and the Tool Company (whose claim only amounts to $5.34), are persons who were and are interested in said Paraiso Oil Company as officers, directors, or stockholders, and the whole alleged indebtedness set forth in the schedule was incurred in promoting the interests of said Paraiso Oil Company, and in developing the lands in which it had an interest.

It is alleged, and also appears in the petition in insolvency attached as an exhibit to the petition herein, that said Paraiso Oil Company is a corporation organized and existing under the laws of the territory of Arizona, and said petition in insolvency fails to aver or set forth that it is a resident of the said city and county of San Francisco wherein said proceedings in insolvency were commenced; and it is alleged that the said Paraiso Oil Company has never at any time filed in the office of the secretary of state any designation of an agent upon whom process might be served, nor has ever complied with or conformed to the requirements of the provisions of the act of the legislature of California in relation to foreign

corporations, and, therefore, it is alleged, that said Paraiso Oil Company never was entitled to bring, prosecute, or maintain any action or proceeding, particularly the said insolvency proceeding in the said superior court, or in any court in this state, and said superior court has not and never had jurisdiction of said insolvency proceeding. It is further alleged that the said superior court threatens to proceed, and is about to proceed, to have an assignee elected, and to convey all the property to such assignee, including the property attached by petitioner herein, and dissolve the attachment levied upon said property in said action brought by the petitioner herein against said Paraiso Oil Company, and, unless prohibited from so doing, will proceed to have an assignee elected or appointed and convey all said property; and that petitioner herein has no plain, speedy, or adequate remedy in the ordinary course of law, and, therefore, makes this application for a writ prohibiting the said superior court from so proceeding in the premises.

Upon the order to show cause, respondent herein filed a motion to strike out certain matters contained in the petition for the writ, and a general demurrer to said petition, and also filed an answer to said petition. It does not appear necessary to consider the motion to strike out, or the demurrer. The answer contains certain denials upon information and belief, but does not deny the material allegations contained in the petition.

In the insolvency petition it is stated: "That the above-named Paraiso Oil Company is a corporation organized, existing, and doing business under the laws of the territory of Arizona, for the purpose of carrying on a mining business and of mining in the state of California, and has at all times herein mentioned, and for more than six months next preceding the filing of this petition, had its principal and only place of business at the city and county of San Francisco, in the state of California, and that the sole and only business of the said Paraiso Oil Company at all times has been, and now is, that of mining in the state of California." It would seem from the language of the petition that the purpose was to show that the corporation was really a California concern, instead of an Arizona corporation, but it is hardly necessary to

cite authorities on the proposition that the residence of a corporation is where it was organized, and not where it may be transacting business in some other place. "It is only by comity that they are permitted to transact business in another state than that of their creation. They are citizens, so to speak, of the state of their creation, and they are in contemplation of law absent from all other states than the one of their *situs*." (*Pierce* v. *Southern Pacific Co.*, 120 Cal. 163; Wood on Limitations, 595.) It cuts no figure in this case that the stockholders and officers are residents of the city and county of San Francisco. They are not the petitioners in insolvency, nor could they be at the present time. Our state Insolvency Law is suspended by the National Bankrupt Law of 1898; but the National Bankruptcy Law excepts from its provisions a corporation seeking the benefits of that act as a voluntary bankrupt. In the Insolvency Law of this state, under which the petition in this case was filed, it is provided that an insolvent debtor owing debts exceeding in amount three hundred dollars, may apply by petition in the superior court of the county, or city and county, in which he has resided for six months next preceding the filing of his petition, as a voluntary insolvent, to be discharged of his debts. (Insolvency Law, sec. 2.) By section 40 of said act the provisions are made applicable to corporations, but the petition must be presented in the manner provided in respect to other debtors, and the like proceedings shall be had and taken as are provided in the case of such debtors. This does not dispense with the requirement that the petitioner in voluntary bankruptcy, whether a partnership, corporation, or an individual, should apply to the superior court of the county in which the petitioner has resided six months, and that fact should appear on the face of the petition itself. Proceedings of insolvency are special, and no intendments can be indulged in favor of jurisdiction. (*McDonald* v. *Katz*, 31 Cal. 167.)

It is provided by the act of March 17, 1899 (Stats. 1899, p. 111), that every corporation created by the laws of any other state or foreign country, which shall have failed to designate some person residing in this state upon whom process issued by authority or under the laws of the state may

be served, and file such designation in the office of the secretary of state, shall not maintain or defend any action or proceeding in any courts of this state, until such corporation shall have complied with the provisions of said act. It is alleged in the petition for the writ herein, and not denied, that the insolvent corporation herein entirely failed to comply with this requirement of the law. It is contended, however, by respondent that the act of March 17, 1899, was repealed by the act of March 8, 1901. (Stats. 1901, p. 108.) That act, it will be seen, goes further than the act referred to of 1899, and requires that the corporation organized in any other state, territory, or foreign country, shall file in the office of the secretary of state of California a certified copy of the articles of incorporation, or of their charter, or of the statutes, or legislative, or executive, or governmental act creating them, and declares that every foreign corporation amenable to the provisions of that act, which shall neglect or fail within ninety days from the date of its passage to comply with the conditions of the same, shall be subject to a fine of not less than five hundred dollars. It is made the duty of the secretary of state, as he may be advised, to take steps to have the district attorney of the county where such corporation has its principal place of business, or of the attorney-general, to institute proceedings to recover the fine, and declares that in addition to the penalty no foreign corporation, as therein defined, which shall fail to comply with the provisions of the act can maintain any suit or action, either legal or equitable, in any courts of the state on any demand, whether arising out of contract or tort, until it has complied with the act, provided ''that any corporation described in section 1 of this act, which is now doing business in this state, and which has complied with the act in relation to foreign corporations, approved April 1, 1872, and an act amendatory thereof, approved March 17, 1899, is exempt from the provisions of this act.'' This latter act imposes a fine in addition to the other disabilities mentioned for the neglect to comply with the provisions of the law. The act itself does not, in terms, repeal the former law, and there is nothing inconsistent between the two acts so as to render the former repealed by the latter, and repeals by implication are not favored.

But, if it were conceded, as claimed by respondent, that the act of 1899 was repealed, it would not aid the petitioner in insolvency. By the very terms of the Insolvent Law, a corporation whose residence is outside of the state, cannot become a voluntary insolvent, inasmuch as the petition must be filed in the county in which the petitioner resides. (Insolvency Law, sec. 2.) This privilege of becoming a voluntary insolvent can be availed of only by residents of the state, whether natural or artificial persons. The act itself declares that it is for the *relief* of insolvent debtors, as well as for the protection of creditors. The state is under no obligations to relieve a foreign corporation from its obligations, particularly of a class of the Paraiso Oil Company, very appropriately designated by counsel as a "tramp corporation." The only mention of "foreign corporations" that is made in the Insolvency Law is in section 16, which is part of chapter third, entitled "Involuntary Insolvency." In the case of an involuntary insolvent the petition of the creditors may be filed in either the county in which the debtor resides, or in that in which he has his place of business. (Insolvency Law, sec. 9.)

Counsel for respondent contends that the law of this state of 1899, amending that of 1872, requiring foreign corporations to file certificates, etc.; as a condition to transacting business in this state, is in violation of section one of the fourteenth amendment of the constitution of the United States. Presumably reference is made to the portions of said section in which it is declared that no state shall deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction equal protection of the laws. It is difficult to see how these provisions have any application to the case in question. But it seems to have become customary with many, when every other contention fails, to invoke the fourteenth amendment of the constitution of the United States. As already shown, being a foreign corporation, it is not entitled, as matter of right, to the same privileges as are enjoyed by corporations organized and existing under the laws of this state; and it has failed and refused to comply with the reasonable regulations of the state, passed in the spirit of comity, to allow corporations organized out of

the state to transact business within the state.   In *Pinney* v. *Nelson,* 183 U. S. 144, counsel representing the stockholder of the Colorado corporation in that case, also as a last resort invoked the same fourteenth amendment, to which the court replied as follows: "As then a corporation can have no legal existence outside of the state in which it is incorporated, the contract of the stockholders with one another, by which the corporation is created, is presumed to have been made with reference to the laws of that state, nothing being said in the charter to the contrary.   But, as comity permits a corporation to enter another state and do business therein, it is competent for the stockholders in making their charter to contract with reference to the laws of a state in which they propose the corporation shall do business.   And in this case the stockholders in their charter specified that the purpose of the incorporation was partly business beyond the limits of Colorado, and that the principal part of such outside business should be carried on in California.   Not content to rely upon the general authority which by the rules of comity the Colorado corporation would have to enter California, and transact business therein, they in terms set forth that a part of the purpose of the incorporation was the transaction of business by the corporation in California.   Now, when they in terms specified that they were framing a corporation for the purpose of having that corporation do business in California, is it not clear that they were contracting with reference to the laws of that state?   Contracting with reference to the laws of that state they must be assumed to know the provisions of those laws." And it was therein held that the stockholder in that company was personally liable the same as though the company had been organized in the state of California.

The stockholders in the Paraiso Oil Company must also be presumed to have known the laws of California, particularly as they are residents of this state; and they, therefore, knew what was required of a corporation, organized outside of the limits of this state, as a condition for doing business here; that without complying with the laws of our state in the premises the corporation would not only be denied the use of our courts, but also be subject to a fine.   But they seem to have acted throughout on the assumption that all of our laws

on the subject of corporations were meaningless, and to be evaded or entirely brushed aside as convenience might require.

We are of the opinion that the Paraiso Oil Company, under the facts as stated, cannot become a voluntary insolvent under the Insolvency Law of this state, and that the superior court of the city and county of San Francisco has no jurisdiction to entertain its petition in that behalf, or to proceed further in the matter; that the petitioner herein has not a plain, speedy, and adequate remedy in the ordinary course of law, and that it is entitled to the writ as prayed.

Let a peremptory writ of prohibition issue.

Beatty, C. J., Angellotti, J., Shaw, J., and Lorigan, J., concurred.

McFarland, J., concurred in the judgment.