[Sac. No. 1335. Department Two.—July 23, 1906.]

## S. OLENDER, Respondent, v. CRYSTALLINE MINING COMPANY, LIMITED, Appellant.

FOREIGN CORPORATION—FAILURE TO DESIGNATE AGENT—SERVICE OF SUMMONS UPON SECRETARY OF STATE—CONSTITUTIONAL LAW.—The act of March 17, 1899, providing that when a foreign corporation doing business in this state fails to comply with the law requiring it to file with the secretary of state a writing designating some person as its agent upon whom process can be served, summons in civil actions may be served upon the secretary of state, is constitutional and valid. Such foreign corporation is bound to know the existing law as to its right to do business, and that if it refuses to appoint an agent, service could be made upon the secretary of state.

ID.—SUBSTITUTE FOR PUBLICATION OF SUMMONS.—The act of March 17, 1899, substitutes service upon the secretary of state for service by publication prescribed by section 412 of the Code of Civil Procedure, where the foreign corporation has no designated agent.

ID.—JUDGMENT BY DEFAULT — MOTION TO VACATE — MERITORIOUS DEFENSE NOT SHOWN.—A motion to vacate a judgment by default against such corporation cannot be granted where there is no showing of a meritorious defense to the action and the defendant does not ask to be allowed to come in and make such defense.

ID.—SUFFICIENCY OF COMPLAINT.—The averments of the complaint against the foreign corporation, that at all times therein mentioned the defendant was a foreign corporation, doing business in the county of its venue, and state of California, were sufficient to bring the case within the provisions of said act of March 17, 1899, without further showing of the continuance of such business.

APPEAL from a judgment of the Superior Court of Tuolumne County and from orders denying a motion to quash the service of summons and to vacate a judgment by default. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. P. O'Brien, for Appellant.

J. C. Webster, for Respondent.

McFARLAND, J.—This is an action to recover of defendant $433.01, with interest, money laid out and expended by plaintiff for defendant at the latter's request. Default of defendant was entered, and judgment rendered according to the prayer of the complaint. Defendant appeals from the judgment and also from orders denying its motion to quash the service of summons, and denying its motion to vacate the judgment by default based on such service.

Appellant is a foreign corporation created and existing under the laws of Great Britain and doing business in California. By an act of the legislature of this state, approved March 17, 1899, (Stats. 1899, p. 111,) it is enacted that a foreign corporation doing business in this state must designate, by a writing filed with the secretary of state, some person as its agent upon whom process may be served, and that if it fail to do so, service of summons in civil actions against it may be served on the secretary of state. In the case at bar the defendant did not designate such agent, and service of summons was made on the secretary of state. The main contention made by appellant is that said act of the legislature is unconstitutional and void; but this contention is not maintainable. The positions taken are that the state cannot arbitrarily appoint as an agent for appellant one between whom and appellant there is no actual relation of principal and agent, that the law does not require the secretary of state to communicate to a defendant any information of the service of summons, that if the service be held sufficient, appellant would have no notice of the proceeding and no opportunity to be heard, and therefore a judgment on such service would deprive appellant of his property without due process of law. These positions are not tenable. The cases of *Keystone Driller*

*Co.* v. *Superior Court*, 138 Cal. 738, [72 Pac. 398], and *Willey* v. *Benedict Co.*, 145 Cal. 270, [79 Pac. 270], cited by respondent, are not direct decisions on the point, although they seem to assume the constitutionality of the act in question; but, upon principle, we think that the respondent's contention is clearly maintainable. When a foreign corporation undertakes to do business in this state it is bound to know the existing law as to its right to do such business; and in the case at bar the appellant knew that as a condition of its doing business here, it must, under the law, appoint an agent upon whom process could be served, and that if it refused to appoint such agent, service could be made on the secretary of state. There is nothing unjust or unconstitutional in such a law. The appellant would have had full notice of the commencement of the action, and an opportunity to be heard, if it had put itself in the position of having such notice by simply complying with the reasonable requirement of the law that it appoint an agent to receive such notice; and by its failure to do so indicated its willingness to have such notice given to the secretary of state. It is, therefore, in no position to invoke the constitutional doctrines that a defendant must have notice of an action against him and an opportunity to be heard therein.

Appellant says that the tendency of the decisions of this court has been toward holding that a default should be set aside and a defendant allowed "to try the case upon its merits" whenever there is any reasonable ground for such action. But the appellant did not assert any meritorious defense nor ask to be allowed to come in and make such defense. If it had averred that the default and judgment had been taken against it through its inadvertence or surprise, and that it had a good defense to the action and desired to be allowed to try the case on its merits, the trial court would, very probably, have set aside the default and allowed it to make such defense. But it does not ask to defend; it merely asks that it be allowed to escape the necessity of making any defense.

Appellant contends that the service was not complete because section 412 of the Code of Civil Procedure provides for a service of summons on a foreign corporation by publication when defendant has no managing agent or officer within the state, and there was no summons by publication in the case

at bar. But the act of March 17, 1899, above referred to, evidently substitutes the service upon the secretary of state for the service by publication formerly prescribed by the code in cases where a defendant has no agent here.

The averments in the complaint that at all times therein mentioned the appellant was a foreign corporation "doing business in the county of Tuolumne and state of California" were sufficient to bring the case within the provisions of the said act of the legislature, without further showing of the continuance of such business.

The judgment and orders appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.