WILLIAM A. · LEMLY *vs.* JOHN T. ATWOOD and others.

If a guardian, or his personal representative after his death, for his own benefit dispose of a bond which was on its face payable to him as guardian, the ward may follow the bond or its proceeds in the hands of the assignee or holder. And in such case, the face of the bond will be of itself express notice to the assignee or holder of the breach of trust by the guardian, or by his executor or administrator.

The cases of *Exum* v. *Bowden*, 4 Ire., Eq. 281, cited and approved.

The plaintiff obtained a judgment against the defendants, John T. Atwood, Charles Atwood and Mary Atwood, upon which he had an execution issued. He then instituted supplementary proceedings against the defendants Robert Gray and H. A. Holder to subject them to the payment of the judgment as being debtors of the said John T. Atwood under the following circumstances: One Jesse W. Atwood was the guardian of the said John T. Atwood, while he was a minor, and as such took from the defendants, Gray and Holder, a bond in these words : " One day after date, we, Robert Gray and H. A. Holder, jointly promise to pay J. W. Atwood, guardian of John T. Atwood, the sum of two hundred dollars, value received, witness our hands and seals, Oct. 10th, 1859.            R. GRAY,        (SEAL.)

H. A. HOLDER, (SEAL.)

The said Jesse W. Atwood died and one C. L. Banner administered upon his estate, and having as he alleged accounted with the estate for the amount of the principal and interest of the said bond, he appropriated it to the payment

of his own individual debt to one Solomon Mickey, with the assent and concurrence of the said Gray and Holder. These facts being found by his Honor, *Judge Cloud*, at Chambers, in the County of FORSYTHE, on the 28th day of May, 1870, he gave judgment against the said Gray and Holder, ordering them to pay to the plaintiff the amount of the principal and interest of the said bond, and also the costs and disbursements of the plaintiff in the supplementary proceedings, and from this judgment the said defendants, Gray and Holder, appealed.

No counsel for the defendants.

*Masten* and *T. J. Wilson*, for the plaintiff.

READE, J. The only question is, whether the assignee of a trust fund—in this case a bond—with notice of its character, who takes it for purposes other than the trust, is liable to the *cestui que trust* who suffers loss. It is settled that he is. *Exum* v. *Bowden*, 4 Ire Eq. 281.

Jesse Atwood, guardian of John T. Atwood, held a bond payable to him as guardian on its face. Jesse Atwood died and C. L. Banner administered on his estate, accounted to the estate for the bond, took it as his own, and assigned it to the defendant, in an individual transaction with the defendant; and John T. Atwood, the ward, by reason of the insolvency of the estate of his guardian, lost the amount of the bond. It is said that Banner had the right in equity to assign the bond, because he accounted to Jesse Atwood's estate for it, and, therefore, committed no fraud. But then the bond was not Jesse Atwood's and both Banner and the defendant had express notice, as the bond, upon its face, was payable to Jesse Atwood *as guardian*. The ward having suffered loss had the right to follow the fund in the hands of the defendants.

No error.

PER CURIAM.                    Judgment affirmed.