T. E. LATHAM v. J. O. WILCOX and JAMES LATHAM, Adm'rs of WM. LATHAM.

*Guardian and Ward—Interest—Evidence.*

1. Where it appeared that L. had qualified as guardian of his infant son before a Deputy Clerk, and had executed and filed a bond, without security, but there was no record made of the appointment, and it further appeared that he had acted as guardian ; *Held*, that neither he nor his personal representatives would be permitted to say that no such appointment had been made.

2. In a settlement of a guardian's accounts he should be charged with compound interest on all moneys collected, or which he might have collected for his ward.

3. Where the ward was also one of the heirs and distributees of the guardian, and it appeared that he was entitled to receive a considerable sum as such, in the absence of any evidence to the contrary, it will be presumed that any sums paid him by the personal representatives of the guardian were on account of his distributive share—particularly where the answer of the personal representatives in an action for a settlement of the guardianship denied the fact of the guardianship.

CIVIL ACTION, tried before *Boykin, J.*, at Fall Term, 1887, of the Superior Court of ASHE County.

The complaint alleges in substance:

1. That in 1882 William Latham died intestate and the defendants were duly appointed his administrators.

2. That in 1864 Caroline Latham, mother of the plaintiff, died intestate, leaving the plaintiff her only heir at law.

3. That in 1876 William Latham, the intestate of the defendants, qualified as guardian of plaintiff.

4. That in 1874 said guardian took into his possession one horse of the value of $130.

5. That in 1873 the plaintiff acquired by descent from his grandfather, Alfred Sutherland, a tract of land of the rental

value of $60 per annum, which his guardian, William Latham, took into his possession.

6. That in 1876 the said guardian received other property in land and money, or its equivalent, belonging to the plaintiff, derived from the estate of his grandfather, Alfred Sutherland.

7. That the said guardian in his life-time never accounted to the plaintiff for any of said property, and that the defendant administrators are liable to him therefor.

He demands judgment for the amounts alleged to be due from the estate of the deceased guardian.

The answer admits the first allegation and denies all the others; and for further answer it is alleged that the defendants have fully paid off and discharged all claims and demands which the plaintiff held or now holds against their intestate; and by way of counter-claim they allege that the plaintiff is indebted to them as administrators in the sum of $500 for money advanced to him out of the estate, " and for money and effects of said estate seized and appropriated by plaintiff to his own use," for which they demand judgment.

At Spring Term, 1887, of the Superior Court, MacRae, J., made the following order:

" 1. The above entitled cause is referred to J. W. Todd, Esq., to ascertain and report what sum of money, property or effects have come to the hands of the intestate, William Latham, if any, and the date at which the same was received of him.

2. The referee will also enquire and report whether the said William Latham qualified as the statutory guardian of plaintiff, or whether he only took possession of said property, if any, as parent and guardian by nature, and in this connection he will report the age of plaintiff at the time the said property came into the hands of the said William.

3. He will also report what payments have been made, if any, by defendants upon said demand.

4. And to prevent the necessity of taking an account of the estate of the said William, which has come to the hands of the defendants, it is admitted that they have in their hands assets sufficient to satisfy said demand. Said referee will report the facts, and also his conclusions of law."

At the following Term, 188-, the referee made the following report:

William Latham, the father of plaintiff, married Caroline Sutherland in the year 1861, and plaintiff, the only issue of that marriage, was born March 5th, 1862.

Caroline Latham, plaintiff's mother, died in 1863.

In 1871 Alfred Sutherland gave to the plaintiff a three year old colt, and soon thereafter died.

In 1875 William Latham sold the colt for a gold watch and fifty dollars, rating the watch at ninety dollars, and never collected the fifty dollars and gave the watch to the plaintiff. In the spring of 1876 William Latham received a tract of land valued at eight hundred and fifty dollars, from the estate of the said Alfred Sutherland, belonging to the plaintiff, and kept it up to the time of his death, which occurred on the 29th of September, 1882.

William Latham, on the 19th of June, 1876, qualified as statutory guardian of the plaintiff, but no security on his bond was given, and no letters of guardianship issued to him; he qualified before the Deputy Clerk of the Superior Court, and gave the bond to him, but no record of his appointment was made other than the filing of the bond.

The annual rental value of the land was sixty dollars.

There went into the hands of William Latham, on the 12th of February, 1877, six hundred and fifty dollars in notes on D. T. Sutherland and J. H. Hardin; they were given to the said William as guardian of the plaintiff, which were funds arising from the estate of the said Alfred Sutherland and belonging to the plaintiff.

The estate of William Latham is worth thirty thousand
24

dollars; he left a widow (of second marriage) and three children by her, all of whom are living. On the 9th day day of June, 1883, defendant paid to plaintiff two hundred dollars, and gave receipt for the same, and on the 13th July, 1883, they paid to him sixty-five dollars, and he gave to them his receipt for the same, and on the 13th of August, 1883, they paid an order from plaintiff to Zachariah Johnson, twenty dollars. On the 13th day of March, 1884, defendant paid plaintiff forty-one dollars and forty-five cents; on the 25th April, 1887, defendants paid plaintiff one hundred and fifty dollars; on the 23d June, 1883, defendants paid to N. G. Wagner, for plaintiff, and by plaintiff's direction, the sum of one thousand and forty-four dollars and seventy-five cents, and plaintiff owed the same and was of full age when plaintiff. paid the same and when they were last directed to pay it.

Plaintiff arrived at full age the 5th of March, 1883.

Since the death of William Lath.m the plaintiff has, by a decree of Court, obtained title and possession of the said tract of land, and has sold the same for twelve hundred and fifty dollars.

The defendants collected the note given by D. T. Sutherland for three hundred and fifty dollars, with simple interest only, on the 25th of June, 1883.

From the foregoing facts I conclude as matters of law:

1. That defendants are liable to plaintiff for fifty dollars, the difference between the horse and watch, with compound interest thereon from 19th June, 1876, until 5th March, 1883; that the watch was a payment *pro tanto* to plaintiff for the horse.

2. That defendants are liable to plaintiff for the rents of the said land at the rate of sixty dollars per year, the first payment being due 15th April, 1877, with compound interest on the same till 5th March, 1883, the time when plaintiff became of full age.

3. That defendants are liable to plaintiff for the sum of six hundred and fifty dollars, the amount of the notes on D. T. Sutherland and J. H. Hardin, with compound interest from the 12th February, 1877, until 3d March, 1883.

4. That all these sums bear simple interest from the 5th March, 1883, until paid.

5. That only Exhibit "B" is a payment on this demand, to-wit: one hundred and fifty dollars paid 25th April, 1887, long since this action was commenced. I am led to this last conclusion by the pleadings and the testimony, it appearing from the answer that defendants denied any liability of their intestate as a guardian, and denied that their intestate received any funds from the estate of Alfred Sutherland, and I conclude they did not intend to apply any payment to a debt they denied. I conclude that the payments set forth in the receipts filed were intended to be paid to plaintiff as heir and next of kin of his father, William Latham.

6. I conclude that defendants will be entitled to credit for all the other vouchers filed; and also for the sum paid Wagner in their settlement with plaintiff as next of kin of his father, William Latham, to-wit: $1,044.75.

To this report the defendant filed the following exceptions:

1. That said referee erred in finding as a fact that their intestate, William Latham, was statutory guardian of the plaintiff.

2. That he erred in his conclusions of law that defendants are liable to plaintiff for compound interest in the several amounts mentioned in said report, as due to plaintiff.

3. That said referee erred in estimating the three year old colt at one hundred and forty dollars, and charging defendants fifty dollars thereon, which their intestate never received.

4. That the referee erred in not applying the receipts as payments to the claim of plaintiff in this action, especially as no evidence was given that the estate of William Latham

was settled up, or what amount was due from said estâte to the plaintiff, or how much of said estate had already been received by the plaintiff, or what advancements had been made to plaintiff out of said estate.

5. That said referee erred in not allowing $1,044.75, paid by defendants for plaintiff to Wagner, as a credit on this claim, for the reasons above given, and for the further reason that plaintiff had refused to allow this indebtedness of his to be credited to defendants upon the estate.

6. The referee erred in finding as a fact that the estate of William Latham is worth thirty thousand dollars.

7. That the referee erred in not allowing some compensation to defendants for the services of William Latham, as agent of plaintiff.

The action being heard upon the report and exceptions, the Court rendered judgment, overruling all the exceptions except the seventh.

The defendants excepted to the ruling of the Court as to the first, second, fourth and fifth exceptions, and from the judgment rendered against them thereon, appealed.

*Mr. E. R. Stamps,* for the plaintiff.
*Mr. S. F. Mordecai,* for the defendants.

DAVIS, J., (after stating the case). The case is before us on appeal from the rulings of his Honor on the first, second, fourth and fifth exceptions, and can be considered upon those exceptions alone.

1. The first exception cannot be maintained. There was some evidence that William Latham had been appointed guardian to the plaintiff. Though there were no sureties to the bond given, there was evidence that he acted as guardian; he took notes as guardian, and he, if living, would not be heard to say that, because he had not complied with all the requirements of the law, he was therefore not ac-

countable as guardian for the property and fund received by him as guardian, and being dead, his administrators cannot avail themselves of such a defence for his estate. Having acted as guardian, he could not, if living, nor can his administrators say, that because the provisions of the law were not complied with he was not guardian. There was evidence and proper evidence to support the finding of the referee in the Court below. *Usry* v. *Suit*, 91, N. C., 406; *Barnes* v. *Lewis*, 73 N. C., 138; *Lemley* v. *Atwood*, 65 N. C., 46; *Sain* v. *Bailey*, 90 N C., 566; *Humble* v. *Mebane*, 89 N. C., 411; *Topping* v. *Windley*, 99 N. C., 4.

In these cases the liabilities of guardians and of persons acting as or dealing with guardians are discussed, and fully sustain the ruling in this case.

2. The second exception is to the charge of compound interest. The notes received by the defendant's intestate, as guardian, were properly charged with compound interest, and so with regard to the money with which he ought to have charged himself for the rent of said lands which he used; but with regard to the price of the horse, it does not appear that any money was collected. The referee finds that the fifty dollars were not collected. He does not find whether it could have been collected or not, or under what circumstances the horse was sold, and the guardian should only be charged with the unpaid portion of the price of the horse with simple interest. With this modification the ruling upon the second exception is affirmed.

3. The fourth exception was to the refusal to apply the sum paid to the plaintiff (the receipts for which are referred to) to the credit of the defendants on the sums due from the estate of their intestate as guardian of the plaintiff. The plaintiff is a son of the deceased guardian and one of his heirs and distributees. The estate is a large one, and by the finding of the referee and the Court below, the items excepted to were paid to the plaintiff, not on the sum

due to him from the intestate's estate on the guardian account (for the defendants denied that their intestate was guardian, or that he received for, or owed to, the plaintiff any thing on that account), but on what was due to him as one of the next of kin, and it was in that character that it was paid to and received by him. It was not a case in which the defendants had a right, after having denied the existence of the liability of their intestate as guardian, to say that they would apply sums paid to the plaintiff as one of the distributees to what may be found to be due to him as a debt from their intestate, and we think the case of *Jenkins* v. *Smith*, 72 N. C., 296, and others cited by counsel for defendants, have no application to this case. The exception cannot be maintained.

4. The fifth exception is to the refusal to credit the defendants with the sum paid to Wagner. For the same reason given in regard to the fourth exception this cannot be maintained. These sums were paid to the plaintiff as one of the next of kin of William Latham, who, it appears, left a large estate, and in the settlement of the estate the defendants will be credited with them on the distributive share of the plaintiff as so much paid to him on that account.

Modified and affirmed.