[No. 11366. In Bank. — March 17, 1886.]

HENRY LEVY, PETITIONER, *v.* T. K. WILSON, JUDGE, ETC., RESPONDENT.

PROHIBITION WHEN LIES — LEGAL REMEDY. — Prohibition lies to arrest the proceedings of a judicial tribunal when they are without or in excess of its jurisdiction, but the writ is issuable only in cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law.

ID. — IRREGULARITIES BEFORE AND AFTER INDICTMENT — APPEAL. — The trial of a criminal case will not be restrained by prohibition for mere irregularities and errors in law occurring before and after the finding and return of the indictment. Such matters are reviewable on appeal.

ID. — ILLEGAL GRAND JURY — INDICTMENT BY IS VOID. — An accusatory paper, found by a body of men styling themselves a grand jury, but who were not a valid and constitutional grand jury, is void and worthless as an indictment, and the Superior Court has no power to try a prisoner under it.

ID. — ORDER FOR DRAWING GRAND JURY — AMENDMENT OF. — An order for the drawing of a grand jury for the city and county of San Francisco was made in the Superior Court and filed with the county clerk on the 8th of July, 1885. The order was signed by the presiding judge of the court, and by the judge of the department in which the drawing was to take place, and designated 1 o'clock, P. M., as the hour for the drawing. At the opening of the court at 10 o'clock, A. M., on that day, the judge of the department amended the order by changing the hour for the drawing to 10 o'clock, A. M., and thereupon the clerk, in open court, and in the presence of the judge, but during the absence of the presiding judge, proceeded with the drawing in the manner prescribed by section 219 of the Code of Civil Procedure. *Held,* that the absence of the presiding judge did not invalidate the drawing.

ID. — JURISDICTION. — *Held further,* that the change made by the judge of the department in the original order did not divest the court of jurisdiction over the proceeding, and that the order was not void.

ID. — DEFICIENCY IN ORIGINAL PANEL — SPECIAL VENIRE TO FILL. — Of the persons whose names were drawn from the grand-jury box, twenty-one were summoned and appeared, all but six of whom were excused for cause. The judge thereupon, in order to fill the panel, by an order entered in the minutes of the court, directed the sheriff to summon fifteen persons from the body of the city and county to appear in court and serve as grand jurors. This was done. Thirteen of these, with the six jurors of the original panel, were recognized by the court and declared to be the grand jury, and as such were impaneled and sworn. ·*Held,* that the course adopted by the court in filling the original panel was authorized by sections 226 and 242 of the Code of Civil Procedure, and was not in excess of its jurisdiction, although at the time the order for the special venire was made there were sufficient names in the grand-jury box from which the jurors might have been drawn.

APPLICATION for a writ of prohibition. The facts are stated in the opinion of the court.

*Davis Louderback,* for Petitioner.

Prohibition is the proper remedy in this case, as the remedy by appeal is not adequate. (*Downer* v. *Norton,* 16 Cal. 440; *Merced Mining Co.* v. *Fremont,* 7 Cal. 133; *State* v. *Ridgell,* 2 Bail. 323; *State* v. *Hudnall,* 2 Nott & McC. 419; *Ex parte Brown,* 2 Bail. 323; *Appo* v. *People,* 20 N. Y. 540; *Zylstra* v. *Charleston,* 1 Bay, 382.)

*J. N. E. Wilson,* and *T. Z. Blakeman,* for Respondent.

The grand jury was drawn and summoned as required by law. (Code Civ. Proc., secs. 204, 226, 241, 242; *People* v. *Southwell,* 46 Cal. 146; *People* v. *Lopez,* 59 Cal. 362.)

McKee, J.— On the 20th of September, 1885, there was returned and filed in department 11 of the Superior Court of the city and county of San Francisco an indictment for felony against the petitioner in this case found by the grand jury. After the indictment was filed, the presiding judge of the Superior Court assigned it to department 1 of the said court for trial. The petitioner was afterwards arrested on a bench-warrant issued upon the indictment, and was brought into court for arraignment. On his arraignment he challenged the panel and the individual jurors of the grand jury, moved to set aside the indictment returned by it, filed a plea in abatement, and moved to strike the indictment from the files of the court. The challenge, motions, and plea were based upon the grounds of want of jurisdiction and irregularities and errors in law in the proceedings taken for ordering and impaneling the grand jury. The court disallowed the challenge, denied the motions, decided against the plea in abatement, and required the defendant to plead. He pleaded not guilty, and as the court is about to proceed to try the issues raised by the indictment and plea, the petitioner has applied for a writ of prohibition to restrain the court from proceeding to try him upon the indictment.

The petition contains the same grounds as a basis for a writ of prohibition upon which, in the court below, the petitioner challenged the panel and individual jurors of the grand jury. Most of the grounds stated for the purpose are irregularities and errors in law occurring before and after the finding and return of the indictment. But as these are matters which are reviewable and remediable on appeal in the action, they are not

grounds for a writ of prohibition. Prohibition lies to arrest the proceedings of a judicial tribunal when they are without or in excess of its jurisdiction; and the writ is issuable only in cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. (Secs. 1102, 1103, Code Civ. Proc.)

One of the grounds stated in the petition is that the indictment was found by a body of men styled a grand jury, that was not in law and fact "a valid and constitutional grand jury." If that be so, the accusatory paper returned by them to the court below as an indictment is worthless and void (*People* v. *Thurston,* 5 Cal. 69), and the court has no jurisdiction to try the petitioner upon it. For no person can be held to answer for crime unless on information, after examination and commitment by a magistrate, or an indictment of a grand jury. And in order that offenses committed in a county may be prosecuted by indictments, the constitution requires that a grand jury shall be drawn at least once a year. (Sec. 8, art. 1, Const.)

As defined by the code law of the state, a grand jury is a body of men, nineteen in number, returned in pursuance of law from the citizens of a county or city and county, before a court of competent jurisdiction, impaneled and sworn, according to law, to inquire into public offenses committed or triable within the county or city and county. (Sec. 192, Code Civ. Proc.)

For constituting such a body the legislature has provided that each of the Superior Courts of the counties of the state, whenever in its judgment the public interest requires it, shall make and file with the county clerk an order directing him to have drawn, at the time designated in the order, in the manner prescribed by law, the designated number of names of persons to be summoned as a grand jury, and to certify a list of the names drawn to the sheriff of the county, who shall summon them according to law, to be and appear before the court at

the time designated in the order.   (Secs. 241, 219, Code Civ. Proc.)

According to the petition, these things were done. On the 8th of July, 1885, an order for a grand jury was made in the Superior Court of the city and county of San Francisco, and filed with the county clerk. That order was signed: "F. W. Lawlor, Presiding Judge Superior Court; D. J. Toohy, Judge of the Superior Court." One o'clock, P. M., of the day on which the order was made and filed, was the hour designated in the order, as originally made and filed for the drawing. That day, in department 11 of the Superior Court, the court opened at ten o'clock, A. M., and upon the opening of the court the clerk read aloud the order as originally signed for a grand jury, after which the judge of the court amended the order by changing the hour designated in the order for drawing the jury from one o'clock, P. M., to ten o'olock, A. M., of the day; and upon said change being made on the face of the order, the clerk, in open court, in presence of the judge of the court,—the presiding judge of the departments of the Superior Court being absent during the proceedings,—did draw from the grand-jury box the names of the requisite number of grand jurors, pursuant to the order as amended and in the manner prescribed by section 219, Code of Civil Procedure.

Of the names thus drawn by the officer, a certified list was made and delivered to the sheriff, who returned that he had found and summoned twenty-one of the persons named on the list, to be and appear in department 11 of the Superior Court, at ten o'clock, A. M., on the tenth day of July, 1885; and at that time the jurors summoned appeared in court.

The persons who appeared were summoned by the proper officer and their names were drawn by a proper officer, in the performance of a ministerial duty required of him by an order of a court of competent jurisdiction.

The absence of the presiding judge of the departments of the court in which the duty was performed did not invalidate the drawing, nor did the change made by the judge of department 11 in the original order of the hour at which the drawing was to take place divest the court of jurisdiction over the proceeding. The change made, if an irregularity or error in law, was an irregularity which happened, or an error committed, within the jurisdiction of the court, which did not affect the existence of the order under which the clerk acted; and as the order was made and amended within and not. without the jurisdiction of the court, it was not void for want of jurisdiction nor for an excess of jurisdiction. Therefore the names were legally drawn from the grand-jury box, and the persons listed and summoned, who appeared in court, were returned, in pursuance of law, before a court of competent jurisdiction.

But of the persons summoned and who appeared, thirteen were excused for cause, and only six of the original panel remained; the grand jury was therefore incomplete; and in order to fill the panel, the judge of the court, by an order entered in the minutes of the court,. directed the sheriff to summon fifteen persons from the body of the city and county, to be and appear in department 11 of the Superior Court on the fourteenth day of July, 1885, to serve as grand jurors. That was done. Under the order the sheriff summoned fifteen persons from the body of the city and county, returned their names into court, and the persons who were summoned appeared in court at the hour named in the order. Two of them were excused for cause, and the remaining thirteen, with the six jurors of the original panel, were recognized by the court, and declared to be the grand jury, and as such were impaneled and sworn, and afterwards found and returned into court the indictment against the petitioner.

The petition states that there were at the time of the

proceeding taken for filling the original panel, 135
names in the grand-jury box, from which a grand jury
could and ought to have been drawn; and it is con-
tended that in making the order for summoning jurors
from the body of the city and county, the court exceeded
its jurisdiction.

But the names of a sufficient number of persons to
constitute the grand jury having been drawn from the
grand-jury box, and those persons having been sum-
moned and returned according to law, of whom, for
cause, such numbers were excused that there were only
present six of the original panel, the court had jurisdic-
tion to fill out the deficiency of the original panel, either
by an order for a sufficient number of jurors to be forth-
with drawn and summoned to attend the court, or by an
order entered in its minutes, directing the sheriff forth-
with to summon so many good and lawful men of the
county, or city and county, to serve as grand jurors, as
may be required. (Secs. 226, 242, Code Civ. Proc.)
There was therefore no excess of jurisdiction in the
order made for a special *venire*, for summoning the
requisite number of jurors from the body of the county
to complete the grand jury, instead of an order for
having the number drawn from the grand jury box.

We are of the opinion that the court below, in exer-
cising its discretion, ought to have ordered the panel to
be filled by requiring the clerk, in open court, and in
the presence of the judge, to draw the requisite number
of names from the grand-jury box, instead of requiring
the sheriff to summon jurors from the body of the city
and county. The former course of proceeding is more
consistent with the correct administration of justice.
But the course adopted by the court was one authorized
by the code; the persons summoned and in attendance
were drawn, summoned, and impaneled under a valid
law and according to its provisions (*People* v. *McDonald*,
47 Cal. 136; *People* v. *Ah Chung*, 54 Cal. 398; *Leahy* v.

*S. P. R. R. Co.*, 65 Cal. 150), and as they were qualified
to sit as grand jurors, and were recognized by the court
and sworn as a grand jury, the indictment found by it
against the petitioner is a good indictment.

It follows that the application for a writ of prohibi-
tion must be denied. It is so ordered.

McKINSTRY, J., SHARPSTEIN, J., and THORNTON, J.,
concurred.