[No. 13707. In Bank. — June 20, 1890.]

## BERNARD MURPHY, PETITIONER, *v.* SUPERIOR COURT OF SANTA CLARA COUNTY, RESPONDENT.

WRIT OF PROHIBITION — REMEDY BY APPEAL. — The writ of prohibition will not lie where it appears that the inferior court has jurisdiction of the subject-matter, and there is a remedy by appeal.

ID. — COLLATERAL ATTACK UPON JURISDICTION. — When an inferior court has power to determine a jurisdictional fact, its determination cannot be collaterally attacked upon an application for a writ of prohibition.

APPOINTMENT OF GUARDIAN — JURISDICTION OF SUPERIOR COURT. — The superior court has general jurisdiction of the matter of the appointment of guardians, and, as an incident to its jurisdiction, it has the power to hear and determine whether a testamentary guardian has been legally appointed or not; but if the fact of the appointment of a guardian by will or deed were established, the superior court has no jurisdiction to appoint a guardian, and its order appointing a guardian would be a nullity.

ID. — GUARDIAN BY DEED — TESTAMENTARY GUARDIAN — BOND. — A guardian appointed by deed must be considered as a testamentary guardian, since the appointment does not take effect until the death of the parent; and in order to become a guardian by deed, it is not enough that he be named in the deed as guardian, but he must also qualify by giving bond, as required of testamentary guardians.

ID. — APPOINTMENT BY COURT WITHOUT BONDS. — A guardian of the property of minor children, appointed by the court, does not become a guardian unless he gives the bond required by section 1754 of the Code of Civil Procedure; and the court has no power in its order of appointment to dispense with bonds.

ID. — ESTOPPEL TO DENY GUARDIANSHIP. — There is no estoppel to deny the fact of guardianship by reason of neglect to give the bond required by law, if no money or property appears to have been received by virtue of the appointment.

ID. — APPEALABLE ORDER — PROHIBITION. — An order requiring one who has been appointed guardian of the estate of a minor, but who has never given bonds, to pay for the maintenance of the minor, when it is not shown that he has received any property of the minor by virtue of his

appointment, is erroneous; but the order is one from which an appeal may be taken, under section 963 of the Code of Civil Procedure; therefore a writ of prohibition will not lie to prevent the court from enforcing the order.

APPLICATION to the Supreme Court for a writ of prohibition to the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*J. H. Campbell*, and *T. H. Laine*, for Petitioner.

The superior court has jurisdiction to appoint a guardian of minors only where none has been appointed by will or deed. (Code Civ. Proc., sec. 1747; Civ. Code, secs. 243, 241). An appointment by the court where there is a guardian by deed is absolutely void. (*Holmes* v. *Field*, 12 Ill. 424; *Robinson* v. *Zollinger*, 9 Watts, 169.) Every such proceeding is a nullity. (*Stevenson* v. *Superior Court*, 62 Cal. 60; *Kahn* v. *Supervisors*, 79 Cal. 400; *Adams* v. *Jeffries*, 12 Ohio, 253; 40 Am. Dec. 477.) The order of appointment never took effect. (Code Civ. Proc., sec. 1757.) The court could not appoint one person guardian of the estate, and another of the persons of the minors. (Code Civ. Proc., sec. 1753.) The probate jurisdiction of the superior court is restricted, statutory, and special, and does not include equity powers. (*Wyatt's Adm'r* v. *Rambo*, 29 Ala. 510; 68 Am. Dec. 89; *Theller* v. *Such*, 57 Cal. 447; *Estate of Cahalan*, 70 Cal. 604; *Andrade* v. *Superior Court*, 75 Cal. 45; *Estate of Moore*, 72 Cal. 335.) If Isabel Hanna has a lawful claim against the plaintiff, she can easily recover upon it by a direct action for the purpose in enforcement of the trust. Section 1771 of the Code of Civil Procedure has no application here.

*H. V. Morehouse*, and *H. D. Tuttle*, for Respondent.

A guardian appointed by deed is a testamentary guardian, and must give bond as such. (2 Kent's Com., 9th ed., p. 241; *Ex parte Earl of Ilchester*, 7 Ves. 367;

*Lord Shaftesbury* v. *Hannan,* Finch, 323; *Wadsworth* v. *Connell,* 104 Ill. 369; *Aldrich* v. *Willis,* 55 Cal. 81; Code Civ. Proc., sec. 1758.) Appellant is estopped to deny the jurisdiction of the superior court. (*Latham* v. *Wilcox,* 6 S. E. Rep. 711.) The superior court has jurisdiction over the subject-matter in controversy (Const. 1879, sec. 5, art. 6; Code Civ. Proc., sec. 76; Civ. Code, sec. 253; *Wilcox* v. *Wilcox,* 14 N. Y. 475; *McPhillips* v. *McPhillips,* 9 R. I. 536; *In re Andrews,* 1 Johns. Ch. 99; *Ex parte Crumb,* 2 Johns. Ch. 439; 2 Kent's Com., 9th ed., p. 244, sec. 5; *Wadsworth* v. *Connell,* 104 Ill. 369.)

WORKS, J.—This is an application in this court for a writ of prohibition. Petitioner was, by a deed from his brother, John Murphy, made a trustee of certain property, belonging to the latter, for the benefit of his, the brother's, children. The deed also contained this clause: "I hereby also order, decree, and appoint my said brother, Bernard, as the lawful guardian for the purpose of support, tuition, and religious training of my two sons, above named. I also enjoin on him the duty of having them educated at the Santa Clara College, situate in the county of Santa Clara, and state aforesaid, and that the ages I wish them to enter shall be not more than twelve years respectively. I also desire my good and kind sister-in-law, Isabel Hanna, to exercise a control, in connection with my brother, Bernard, over my two sons, William Patrick and Henry Bernard."

The petitioner filed no bond as such guardian, but subsequently applied to the superior court of Santa Clara County for letters of guardianship, for the reason, as alleged in his petition, that the insurance company refused to pay an amount due them on a policy of insurance on the life of their father, who had since died, without the appointment of a guardian by the proper court. On the filing of the petition for appointment of such guardian, the aunt, Isabel Hanna, mentioned in the deed, filed a

counter-petition, alleging that the children had been and still were in her custody, and under her care, and asking that she be appointed their guardian alone or conjointly with the petitioner herein.   The respondent heard the petitions, and made and entered an order that "Bernard Murphy may be and he is hereby appointed sole guardian of the estates of said minors, *and joint guardian with Isabel Hanna of the persons of said minors*, and that letters of guardianship be issued to *him* accordingly, *without bonds*, upon taking and subscribing an oath as required by law, *the custody of the persons of the said minors to remain with said Isabel Hanna until the further order of the court.*"   No bond was given under this appointment.   It will be seen that while the order provides that the petitioner and the said Isabel Hanna shall be the joint guardians of these children, there is no order appointing her such guardian, and it is alleged in the petition before us that she never qualified as such guardian, but that the children had remained in her custody until they arrived at the ages of twelve, respectively, when it is alleged the petitioner requested her to allow them to be placed at Santa Clara College, as provided in the deed of their father to him, but she refused to do so, and he, from the time of such refusal, or soon after, discontinued an allowance he had been making her for their maintenance. She thereupon applied to the respondent for an order requiring the petitioner to pay her the sum of fifty dollars per month for the maintenance of the children. The respondent assumed jurisdiction of the latter petition, made an order requiring the petitioner herein to pay said allowance, and this proceeding is to prohibit the enforcement of the order.

We are not called upon to pass upon the correctness or propriety of any of the proceedings complained of. The sole question presented by the application made to us is, whether the respondent had jurisdiction to proceed in the matter.   If so, the writ must be denied.   So if the

petitioner has a speedy and adequate remedy in the due course of law, the writ cannot issue.

It is contended by the petitioner that the respondent had no jurisdiction to appoint him guardian of these minors, on his own petition therefor, on the ground that a guardian cannot be appointed by the court where one has been already appointed by deed. The code provides that the superior court may appoint guardians of minors "who have no guardian legally appointed by will or deed." (Code Civ. Proc., sec. 1747; Civ. Code, sec. 243.) And provision is made for the appointment of a guardian by deed of the parents of minor children. (Civ. Code, sec. 241.)

But the superior court has general jurisdiction of the matter of appointment of guardians, and as an incident to this jurisdiction, it must have the power to hear and determine the fact whether a testamentary guardian has been legally appointed or not. If so, its jurisdiction cannot be attacked in this collateral way. If, upon a direct appeal, it appeared that a testamentary guardian had theretofore been legally appointed, the order granting letters would no doubt be reversed, but not on the ground that the court had not jurisdiction of the subject-matter.

The fact of the appointment by deed being established, an order appointing a guardian would undoubtedly be a nullity. (*Robinson* v. *Zollinger*, 9 Watts, 169; *Holmes* v. *Field*, 12 Ill. 424.)

But in any event it is absolutely necessary for the petitioner to show, in this proceeding, that there was a guardian legally appointed by deed, in order to sustain his claim of want of jurisdiction in the court to appoint. This we think he has not done. It is not enough that a guardian be named in the deed. He must, under our code, in order to become such guardian, qualify by giving bond. (Code Civ. Proc., secs. 1754, 1758; *Wadsworth* v. *Connell*, 104 Ill. 369.)

The provision that a bond must be given applies to testamentary guardians; but a guardian appointed by deed must be held to be a testamentary guardian, as such an appointment cannot take effect until the death of the parent. (Civ. Code, sec. 241.)

As no bond was given by him, he was not legally appointed by deed, and his contention based on such pretended appointment cannot be maintained.

It is further contended that he never became the guardian of these children under the appointment made by the court, because he never gave bond. This point we think is well taken. (Code Civ. Proc., sec. 1754.) But it does not follow that this proceeding can be maintained. It is contended by the respondent that, whether the petitioner was legally appointed guardian or not, the court had jurisdiction to determine who should have the custody and maintenance of these minor children. This is undoubtedly true, but it does not follow that the court has the power to compel the petitioner to pay for such maintenance. In order to authorize such an order, it must appear that the court had jurisdiction over him, which could only be established by a showing that he was the guardian.

It is claimed that the petitioner having applied for letters and acted as guardian, he is estopped to deny that he is such guardian, because of his own neglect to give bond. This has been held where the guardian was attempting to avoid liability for moneys received by him as guardian. (*Latham* v. *Wilcox*, 99 N. C. 367.) But there is no pretense in this case that the petitioner ever received any property belonging to these minors, as their guardian, or by virtue of his appointment. On the contrary, he held their property by virtue of the deed of trust, above referred to. He may have collected the money due on the policy of insurance by virtue of his appointment, but this is not shown. Beside, he alleges in his petition that he was informed in the beginning

that his appointment was void, and that he never did act as guardian thereunder; and in failing to give bond the petitioner acted in accordance with the order appointing him, which, as we have shown, provided that no bond need be given. Under such circumstances, we think no estoppel can work against his right to contest this order. But in order to entitle the petitioner to the writ prayed for, it must appear that he has no speedy and adequate remedy in the ordinary course of law. (High on Extraordinary Legal Remedies, secs. 770, 771.)

In this case he has such a remedy by appeal. The order made, of which he complains, is one from which an appeal may be taken, under section 963 of the Code of Civil Procedure, and for this reason the writ must be denied.

It is so ordered.

McFARLAND, J., FOX, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.