85    49
90   104

85    49
133   365

[No. 13826.    In Bank. — July 25, 1890.]

## MARK STROUSE, PETITIONER, v. POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

PROHIBITION — TRIAL OF MISDEMEANOR FOR CONDUCTING BUSINESS WITHOUT LICENSE — PLEA TO JURISDICTION — REMEDY BY APPEAL. — Where the petitioner was arrested under a warrant issued on a complaint filed in the police court, and charged with a misdemeanor in having carried on business without a license, and pleaded not guilty, and also filed a plea to the jurisdiction of the court, a writ of prohibition will not be issued to restrain the court from proceeding with the trial of the action, as the petitioner has a plain, speedy, and adequate remedy at law, by appeal to the superior court, if he should be convicted.

APPLICATION to the Supreme Court for a writ of prohibition to the Police Court of the city and county of San Francisco. The facts are stated in the opinion of the court.

*Alfred Clarke,* for Petitioner.

PATERSON, J. — A complaint was filed in the police court of the city and county of San Francisco, on April 24, 1890, charging the petitioner with a misdemeanor in having transacted and carried on the business of selling meat without having first taken out a license, as required by an ordinance of the board of supervisors.

LXXXV. CAL.—4

The petitioner was arrested under a warrant issued on said complaint and in due time entered a plea of not guilty, and another plea challenging the jurisdiction of the court. It is alleged that, notwithstanding his plea to the jurisdiction, the police court threatens to proceed with the trial of the charge against petitioner, and he prays for a writ of prohibition to restrain the police court from proceeding with the trial of the action.

Section 1103 of the Code of Civil Procedure provides that the writ of prohibition may be issued "in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." This is not such a case. If the petitioner should be convicted in the police court, he will have a plain, speedy, and adequate remedy at law by an appeal to the superior court. (*Levy* v. *Wilson*, 69 Cal. 105.)

Application for writ denied.

SHARPSTEIN, J., McFARLAND, J., FOX, J., and THORN-TON, J., concurred.