[S. F. No. 4609. In Bank.—October 4, 1906.]

## GEORGE B. McANENY, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, and WALTER L. CROW, Receiver, Respondents.

DIVORCE—ALIMONY—RECEIVER—JURISDICTION.—The superior court has full jurisdiction to appoint a receiver in an action for divorce, either for the purpose of enforcing payment of alimony and expense money previously ordered paid, or for the purpose of enforcing a previous order requiring the husband to furnish security for such payment, or for the purpose merely of providing such security, at all times during the pendency of the action, prior to the filing of an undertaking to stay proceedings upon appeal from the order to pay alimony and costs.

ID.—STAY OF PROCEEDINGS UPON APPEAL.—A stay of proceedings upon appeal from the alimony order operates as a *supersedeas,* and deprives the superior court of all power to enforce the order appealed from, either by execution or by proceedings for contempt, or through the appointment of a receiver.

ID.—PROHIBITION — ORDER PENDING STAY OF PROCEEDINGS — ADEQUATE REMEDY—WRIT OF SUPERSEDEAS.—A writ of prohibition will not lie to prevent the enforcement of the order appealed from pending the stay of proceedings upon appeal, there being a plain, speedy, and adequate remedy in the ordinary course of law, upon a motion in this court, to stay the hand of the lower court in any proceeding to enforce the order, whether it be judicial or ministerial.

ID.—OBJECTION IN TRIAL COURT.—In such a case, objection to the jurisdiction of the trial court to appoint a receiver pending such stay of proceedings upon appeal should be first made in the trial court, upon notice to it of such stay, where there is opportunity to do so before a writ of prohibition is asked for in this court.

APPLICATION for a Writ of Prohibition to the Superior Court of Santa Clara County and Walter L. Crow, Receiver thereof. John R. Welch, Judge.

The facts are stated in the opinion of the court.

Jackson Hatch, and John E. Richards, for Petitioner.

H. E. Wilcox, and D. M. Burnett, for Respondents.

SHAW, J.—This is an original proceeding in this court for a writ of prohibition to prevent further proceedings in

pursuance of an order of said superior court made in the course of an action for divorce therein pending, wherein Mabel M. McAneny is plaintiff and George B. McAneny is defendant, appointing Walter L. Crow receiver to take charge of the property of the defendant.

Prior to the making of the order appointing Crow as receiver, the court had made an order in the action for divorce requiring the defendant, George B. McAneny, to pay certain sums of money to the plaintiff for her alimony pending the suit and for her costs and counsel fees in the prosecution thereof, and also a subsequent order for the payment of additional sums as alimony pending an appeal from the first order and for her expenses upon such appeal. From each of these orders the defendant had appealed to the supreme court and had stayed further proceedings on each order pending the appeal, by giving the necessary undertakings. The last order for alimony pending the appeal was made on February 12, 1906. Notice of the motion for the appointment of a receiver and the notice of motion for alimony, etc., pending appeal, were both served and filed on February 1st, and it was stated in the former notice that the purpose sought to be accomplished by the appointment of a receiver was the securing of the payment to plaintiff of such sums as might be directed to be paid to her for alimony, costs, and counsel fees. The order appointing a receiver was made on March 8, 1906. The court ordered that Crow be appointed receiver, and directed him, as such receiver, to take charge and custody of all the money and property of said defendant, with certain immaterial exceptions, and collect all rents, issues, and profits therefrom. This order recites the terms of the notice stating the purpose for which the receivership was desired, as aforesaid.

A writ of prohibition may be issued by this court to arrest the proceedings of any tribunal exercising judicial functions "when such proceedings are without or in excess of the jurisdiction of such tribunal." (Code Civ. Proc., sec. 1102.) By section 137 of the Civil Code, power is given to the superior court in actions for divorce to make orders requiring the husband to pay money to the wife for her support pending the action and for her expenses in prosecution or defense thereof. The orders in question, directing the payment of

money by the petitioner, were made in pursuance of the authority given by that section. By section 140 of the Civil Code it is provided that the court may require the husband to give reasonable security for making any payments which the court may direct to be made under the provisions of section 137 aforesaid, "and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case."' Under these provisions a receiver may be appointed either for the purpose of enforcing payment of the alimony and expense money previously ordered paid, or for the purpose of enforcing a previous order requiring the husband to furnish security for such payment, or for the purpose merely of providing such security. (*Petaluma Bank* v. *Superior Court,* 111 Cal. 495, [44 Pac. 177]; *Huellmantel* v. *Huellmantel,* 124 Cal. 588, [57 Pac. 582]; *Sharon* v. *Sharon,* 67 Cal. 202, [7 Pac. 456, 635, 8 Pac. 709].)

It must be admitted that the superior court had full jurisdiction to grant the motion for a receiver at all times during its pendency, prior to the taking of the appeal from the order to pay alimony and costs and the filing of the undertaking to stay proceedings on said appeal. The stay of proceedings on the alimony order, thus effected, operated as a *supersedeas,* and during its operation deprived the superior court of all power to enforce the order appealed from, either by execution or by proceedings for contempt, or through the appointment of a receiver. (*Ruggles* v. *Superior Court,* 103 Cal. 127, [37 Pac. 211]; *State I. and I. Co.* v. *Superior Court,* 101 Cal. 150, [35 Pac. 549].) If the order appointing the receiver in this case was an act in furtherance of the enforcement of the alimony order which was stayed by the appeal, it was prohibited by the statute which in such cases forbids further proceedings upon the order appealed from and matters embraced therein (Code Civ. Proc., sec. 946), and it was, in a certain sense, in excess of the jurisdiction of the court. Notwithstanding the limited scope and purpose of the order appointing the receiver in the present case, as expressed in the notice and recited in the order, we think it was a step taken for the enforcement of the payment of the alimony and expenses allowed. (*State I. and I. Co.* v. *Superior Court,* 101 Cal. 150, [35 Pac. 549].) The fact that the custody is solely for the purpose of providing security does not change

the character of the proceedings. It is security for payment, so that when the final act of enforcement comes—that is, the actual appropriation of the money to the satisfaction of the demand—the money will be ready for that purpose, if enough has been secured, or the property will be in the receiver's hands for sale, if it is necessary to resort to a sale, and so it may be said to be a provision for the better enforcement of the order to pay alimony. It could have no other object than the ultimate enforcement of the payment. It is therefore a proceeding which was stayed by the undertaking for the stay of the proceedings on the order of February 12th granting further alimony and attorney's fees.

A writ of prohibition will not be issued where there is a plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1103.) We have already seen that the proceeding to appoint a receiver was a step toward the enforcement of the alimony order appealed from, and that the effect of the stay-bond on the appeal was to stay all proceedings on the order, or in the enforcement thereof. The petitioner has therefore a speedy and adequate remedy, by means of a motion in this court, in the matter of the appeal, for a writ of *supersedeas* to stay the hand of the court below in any proceeding to enforce the order, whether judicial or ministerial. The writ of *supersedeas* "is frequently granted by this court for the purpose of staying proceedings in the superior court, when a review of the action of that court is sought in this court, either upon direct proceeding or on appeal, and is directed to the court whose action is under review, or to an officer of that court who may be about to enforce its judgment. . . . If, after such appeal, the court below seeks to enforce its judgment, this court will grant a special order restraining its action." (*Dulin* v. *Pacific W. and C. Co.*, 98 Cal. 304, [33 Pac. 123].) Such writs have been issued in the following cases: *Hoppe* v. *Hoppe*, 99 Cal. 537, [34 Pac. 222]; *Painter* v. *Painter*, 98 Cal. 626, [33 Pac. 483]; *Born* v. *Horstmann*, 80 Cal. 452; *Baldwin* v. *Superior Court*, 125 Cal. 584, [58 Pac. 185]; *Anderson* v. *Anderson*, 123 Cal. 445, [56 Pac. 61]; *Brown* v. *Rouse*, 115 Cal. 619, [47 Pac. 601]; *Hubbard* v. *University Bank*, 120 Cal. 632, [52 Pac. 1070]. This court has even gone so far, upon the granting of a writ of *supersedeas*, as

to quash writs already issued out of the superior court and vacate sales already made in pursuance of the order of that court. (*Owen* v. *Pomona L. and W. Co.*, 124 Cal. 331, [57 Pac. 71].) This remedy is more effectual and comprehensive than prohibition in all cases where, as in this case, the acts of the party restrained are proceedings which are stayed by an appeal. The petitioner is also the appellant, and therefore has the right to apply for a *supersedeas* in aid of his appeal. We are aware that this court has sometimes granted relief by way of prohibition where the exercise of judicial functions was threatened in enforcement of the judgment stayed by an appeal. In the leading case of *Havemeyer* v. *Superior Court*, 84 Cal. 342, [18 Am. St. Rep. 192, 24 Pac. 121], the persons applying for the writ of prohibition were not parties to the action. It was considered doubtful whether they had the right to appeal, and, if so, whether the appeal would be of any value without a bill of exceptions, and hence that remedy was not deemed plain or adequate. Not being parties, they could not move for a *supersedeas*. In the case of *State I. and I. Co.* v. *Superior Court*, 101 Cal. 150, [35 Pac. 549], and in other cases where prohibition has been entertained at the instance of a party to the appeal, the existence of the remedy by writ of *supersedeas* does not appear to have been called to the attention of the court, and the effect of such remedy has not been discussed in the opinion.

There is also the remedy by appeal, by which the order can be vacated for mere error as well as for excess of jurisdiction. The defendant has appealed from the order appointing the receiver, and in his petition he seeks to show that this remedy is ineffectual because the amount of the undertaking to stay proceedings thereon has been fixed at thirty thousand dollars, and he avers that he is wholly unable to procure sureties for that sum. This allegation is denied in the answer, and, as the case has been submitted without a trial of the issue thus raised, we cannot decide whether or not this remedy is plain or adequate in this particular case.

Another objection to the sufficiency of the case made by the petitioner is that it does not appear that the objection to the jurisdiction of the court was ever brought to the attention of the superior court and an opportunity given to

that court to recede from its position, a step which is usually a condition precedent to the right to a writ of prohibition in this court. There was not here, as in *Havemeyer* v. *Superior Court*, 84 Cal. 403, [18 Am. St. Rep. 192, 24 Pac. 121], a lack of opportunity to do so, nor is there anything in the record to show that the disposition of the lower court to persist in its course made it useless to object. The proceeding for a receiver was initiated at the same time as the application for additional alimony, and the court, as before stated, had full jurisdiction to proceed at all times prior to the appeal from the alimony order and the securing of the stay of proceedings thereon. The appeal from the alimony order was taken, and the stay of proceedings thereon obtained, on February 14, 1906. The application for a receiver was postponed from day to day by stipulation of the attorneys, and did not come on for hearing until March 8, 1906, at which time it was granted. There was therefore ample opportunity given to the petitioner to object to the jurisdiction of the court and to give notice to the court of the fact he had taken the appeal and obtained a stay of proceedings. It does not appear that the superior court was ever informed of the filing of the undertaking which operated to stay proceedings. Unless it was aware of that fact it could have no knowledge that it was proceeding in excess of its power. This case therefore does not come within the exceptions or qualifications to the rule, that objection must be made in the lower court, which are noted in the opinion in *Havemeyer* v. *Superior Court*, 84 Cal. 403, [18 Am. St. Rep. 192, 24 Pac. 121].

The petition is denied.

McFarland, J., Angellotti, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.