[Civ. No. 335. First Appellate District.—February 26, 1907.]

## HENRY HUBBARD, Appelalnt, v. JUSTICE'S COURT OF SAN JOSE TOWNSHIP, SANTA CLARA COUNTY, Respondent.

PROHIBITION—REMEDY BY APPEAL—JURISDICTION TO TRY ACTION IN JUSTICE'S COURT.—A writ of prohibition will not lie to prevent the trial of an action where there is a plain, speedy and adequate remedy by appeal from the final judgment rendered therein. Whether a justice's court has or has not jurisdiction to try an action, where it appears that the summons was not served or returned within three years from the commencement of the action, the method of appealing from the judgment of the justice's court is simple and expeditious, and an appeal may be taken upon questions both of law and of fact; and prohibition will not lie in the superior court to prevent the trial of the action.

ID.—APPEAL—STIPULATION OF PARTIES—MOOT QUESTION.—Upon appeal to this court from a judgment of the superior court denying a writ of prohibition to the justice's court, the parties cannot by stipulation limit the inquiry in this court to the moot question, not arising upon the record, whether section 581 of the Code of Civil Procedure applies to justices' courts.

APPEAL from a judgment of the Superior Court of Santa Clara County, denying a writ of prohibition to the Justice's Court of San Jose Township. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

C. D. Wright, and Robert M. Wright, for Appellant.

Will M. Beggs, for Respondent.

HALL, J.—Appeal from a judgment denying application for writ of prohibition.

Appellant brought this action in the superior court of Santa Clara county to obtain a writ, prohibiting defendant from proceeding to try an action against appellant pending in the said justice court, and wherein, as appears by the record, summons was neither served on defendant in that action (plaintiff herein) nor returned within three years from the commencement of the action.

Appellant contends that as the summons in the action in the justice court was not served until after the expiration of three years from the commencement of the action, and was not returned at all, and as defendant in said action (plaintiff herein) never appeared in said action, save to move for the dismissal thereof, the said justice court is without jurisdiction to proceed further in said action, save to dismiss the same under subdivision 7 of section 581, Code of Civil Procedure.

Respondent contends that section 581, Code of Civil Procedure, has no application to actions in justice courts, and also that whether the justice court has or has not jurisdiction to try the action, the defendant in that action (plaintiff herein) has a plain, speedy and adequate remedy by appeal from any judgment that may be rendered against him, and therefore prohibition will not lie.

Prohibition is the proper remedy only in cases where the party aggrieved has no plain, speedy and adequate remedy in the ordinary course of law.   (Code Civ. Proc., sec. 1103.)

The general rule is that the remedy by appeal is a defense to an application for a writ of prohibition, although the inferior court may have committed error in determining that it had jurisdiction.   High on Extraordinary Legal Remedies lays down the rule in these words: "Thus, where the defendant in an action instituted in an inferior court pleads to the jurisdiction of such court, and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal in the final judgment in the cause."   (Sec. 771.)

The same doctrine is upheld in the following cases: *Murphy* v. *Superior Court,* 84 Cal. 592, [24 Pac. 310]; *Strouse* v. *Police Court etc.,* 85 Cal. 49, [24 Pac. 747]; *Agassiz* v. *Superior Court,* 90 Cal. 101, [27 Pac. 49]; *Mines d'Or etc.* v. *Superior Court,* 91 Cal. 101, [27 Pac. 532]; *Jacobs* v. *Superior Court,* 133 Cal. 364, [85 Am. St. Rep. 204,

65 Pac. 826]; *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765]; *Cross* v. *Superior Court,* 2 Cal. App. 342, [83 Pac. 815].

In *Strouse* v. *Police Court,* 85 Cal. 49, [24 Pac. 747], the petitioner was being prosecuted on a criminal charge in the police court. In denying his petition for a writ, in which the point was urged that the police court had no jurisdiction, the court said: "If the petitioner should be convicted in the police court, he will have a plain, speedy and adequate remedy at law by an appeal to the superior court."

In *Agassiz* v. *Superior Court,* 90 Cal. 101, [27 Pac. 49], the court said: "Petitioners had the right to appeal from the order refusing to dissolve the attachment, and would have an appeal from any final judgment in the case, and such appeal being a 'plain, speedy and adequate remedy in the ordinary course of law,' within the meaning of section 1103, Code of Civil Procedure, prohibition does not lie. A remedy does not fail to be speedy and adequate because, by pursuing it through the 'ordinary course of law,' more time would be probably consumed than in the proceeding here sought to be used. And it makes no difference that in this instance a question of jurisdiction incidentally depends upon the validity of an attachment." This case also quotes with approval the language above given from *Strouse* v. *Police Court, supra.*

In *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765], the petition was for a writ prohibiting the superior court from proceeding to the trial of an action in which the petitioner was defendant. The court said: "If, as contended, the superior court is without jurisdiction, there is of course, a remedy by appeal from any adverse judgment affecting petitioner, and it is not sufficient ground for interfering by prohibition that the trial will be expensive and troublesome." The writ was denied solely by reason of the remedy by appeal.

If the remedy by appeal from a final judgment of the superior court is plain, speedy and adequate, the appeal from a similar judgment in a justice court is equally so. The method of appealing from the judgment of a justice court is simple and expeditious, and if desired may be taken upon both questions of law and fact.

For the foregoing reasons, and upon the authorities above cited, we are constrained to hold that the appellant has a plain, speedy and adequate remedy by appeal from any judgment that may be finally taken against him, and for that reason prohibition will not lie.

In so holding we have not overlooked *White* v. *Superior Court,* 126 Cal. 245, [58 Pac. 450], nor *Keystone Driller Co.* v. *Superior Court,* 138 Cal. 738, [72 Pac. 398], in each of which the writ was granted to prohibit the trying of a case where summons had not been served and returned within the term of three years from the commencement of the action. In the Modoc Land case no question was raised or discussed as to the remedy; and in the White case the action in the superior court was to foreclose a mortgage, and the court seems to have laid stress upon the right of the petitioner to a present dismissal of the action and the removal of the lien by which his land was encumbered. But however that may be, both cases were cited to the court in the later case of *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765], where the rule is laid down as we have above indicated.

Neither have we overlooked the stipulation printed in the transcript to the effect that the only question to be submitted to this court is, "Does section 581 of the Code of Civil Procedure of the state of California apply to justice courts?" Counsel may not by stipulation submit questions of law for determination by this court which do not arise upon the record in the case. If, notwithstanding the justice court may not have jurisdiction to try the action against plaintiff, appellant has no right to the writ of prohibition because of his remedy by appeal, the question of jurisdiction becomes a moot question, and should not in this proceeding be determined by this court.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.