[Civ. No. 663. First Appellate District.—December 13, 1909.]

A. HAMBERGER, Appellant, v. THE POLICE COURT OF THE CITY OF FRESNO, etc., and HERBERT F. BRIGGS, Presiding Judge of Said Court, Respondents.

PROHIBITION—APPLICATION TO SUPERIOR COURT—CIVIL ACTION IN POLICE COURT—DEMURRER PROPERLY SUSTAINED.—The superior court properly sustained a demurrer to an application therein for a writ of prohibition to a police court to prevent it from trying a civil action against the petitioner to obtain an ordinary money judgment for goods sold. (Beatty, C. J., Dissenting.)

ID.—REMEDY BY APPEAL TO SUPERIOR COURT.—An appeal lies to the superior court from any judgment rendered by a police court in a civil action both upon questions of law and fact. If the appeal be

upon questions of law alone, an expeditious method for settling of statement is provided; and an appeal from such judgment is a remedy in the ordinary course of law, which is plain, speedy and adequate.

ID.—OFFICE OF WRIT—WANT OF ADEQUATE REMEDY ESSENTIAL.—The writ of prohibition will not issue to an inferior tribunal or officer acting without or in excess of the jurisdiction of such tribunal or officer unless the aggrieved party be without a plain, speedy and adequate remedy at law.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge.

The facts are stated in the opinion of the court.

Carter & Carter, for Appellant.

Ernest Klette, for Respondents.

HALL, J.—Plaintiff brought this proceeding in the superior court of the county of Fresno for the purpose of securing a writ to issue out of said court, prohibiting the police court of the city of Fresno and the judge thereof from proceeding with the trial of an action then pending in said police court, upon an account against plaintiff herein for $121.65 for goods sold to said plaintiff.

Defendants filed a general demurrer to plaintiff's complaint, and the court sustained the same, and entered judgment denying plaintiff's application for a writ of prohibition. From the judgment plaintiff has appealed, and the only question presented by the appeal is as to the correctness of the ruling of the court sustaining the demurrer.

The ruling of the court was clearly correct. The writ of prohibition will not issue to an inferior tribunal or officer, acting without or in excess of the jurisdiction of such tribunal or officer, unless the aggrieved party be without a plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., secs. 1102, 1103; *Levy* v. *Wilson,* 69 Cal. 105, [10 Pac. 272]; *Powelson* v. *Lockwood,* 82 Cal. 613, [22 Pac. 143]; *Murphy* v. *Superior Court,* 84 Cal. 592, [24 Pac. 310]; *Strouse* v.. *Police Court,* 85 Cal. 49, [24 Pac. 747]; *Grant* v. *Superior Court,* 106 Cal. 324, [39 Pac. 604]; *McDonald* v. *Agnew,* 122 Cal. 448, [55 Pac. 185]; *Lindley*

v. *Superior Court,* 141 Cal. 220, [74 Pac. 765]; *Valentine* v. *Police Court,* 141 Cal. 616, [75 Pac. 336]; *McAdoo* v. *Sayre,* 145 Cal. 344, [78 Pac. 874]; *Carr* v. *Superior Court,* 147 Cal. 227, [81 Pac. 515]; *McAneny* v. *Superior Court,* 150 Cal. 6, [87 Pac. 1020].)

An appeal lies to the superior court, both upon questions of law and fact, from any judgment rendered by a police court in a civil action. (Code Civ. Proc., secs. 974, 975.) If the appeal be upon questions of law alone, an expeditious method of settling the statement is provided (Code Civ. Proc., sec. 975), and upon such appeal the superior court may review all orders affecting the judgment appealed from.

In the case at bar the judgment sought against appellant in the police court was an ordinary money judgment for goods sold. That an appeal from such a judgment is a remedy in the ordinary course of law, plain, speedy and adequate, cannot be doubted. (*Holbrook etc.* v. *Superior Court,* 106 Cal. 589, [39 Pac. 936]; *Powelson* v. *Lockwood,* 82 Cal. 613, [23 Pac. 143]; *Murphy* v. *Superior Court,* 84 Cal. 592, [24 Pac. 310]; *Strouse* v. *Police Court,* 85 Cal. 49, [24 Pac. 747]; *Broder* v. *Superior Court,* 103 Cal. 124, [37 Pac. 191]; *Grant* v. *Superior Court,* 106 Cal. 324, [39 Pac. 604]; *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765]; *Valentine* v. *Police Court,* 141 Cal. 616, [75 Pac. 336]; *McAdoo* v. *Sayre,* 145 Cal. 344, [78 Pac. 874]; *McAneny* v. *Superior Court,* 150 Cal. 6, [87 Pac. 1020].)

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1910.

Beatty, C. J., dissented from the order denying a rehearing in the supreme court, and filed the following opinion on the third day of March, 1910:

BEATTY, C. J.—I dissented from the order denying a rehearing of this cause at the time it was made, and desire now to state the reasons for my dissent. It seems plain to me that the decision of the district court of appeal—which

is now finally approved by the court of last resort—will, unless reversed, deprive the citizens of California of a right secured to them by the constitution; the right, that is to say, to invoke the judgment, not only of the district court of appeal, but of this court, in a large and important class of cases in which they may deem themselves aggrieved by usurpation or excess of judicial authority. The effect of the decision here is to establish the doctrine that when a justice of the peace, police magistrate or other inferior officer or tribunal is assuming jurisdiction of a civil action in which a final appeal lies to the superior court, it matters not how plain or how doubtful the question as to his jurisdiction of the subject matter or of the person of the defendant may be, such defendant can never have a hearing *upon that point* in either the district court of appeal or in this court, and this because his right to appeal to the superior court from the "judgment sought" is a plain, speedy and *adequate* remedy, sufficient to cut him off from any recourse to the writ of prohibition—the remedy under our statute, as it was at common law, especially adapted, especially efficacious and solely adequate in many cases, to redress the grievance of persons threatened by a usurped authority. It is, as defined by the statute, the counterpart of the writ of mandate. It arrests the proceedings of any tribunal or person exercising, or assuming to exercise, judicial functions, when such proceedings are without or in excess of the jurisdiction of such person or tribunal. (Code Civ. Proc., sec. 1102.) It was the same at common law, and was a remedy very freely administered by the court of king's bench in England not only in behalf of the particular person aggrieved by the threatened usurpation, but, in the discretion of the court, equally at the suit of any of the king's subjects; and this upon the obvious ground, that usurpation of judicial power is not only a private injury, but is more especially a public mischief, not beneath the dignity of the highest court in the kingdom to restrain as often as attempted. Upon this point I deem it sufficient to refer to a somewhat extended discussion of the subject in *Havemeyer* v. *Superior Court,* 84 Cal. 401 et seq., [18 Am. St. Rep. 192, 24 Pac. 121], where the leading English cases are cited. Another and quite modern case decided in the queen's bench division in 1894 shows how

rigidly that high tribunal still upholds and how freely they continue to administer this remedy by prohibition, and the grounds of public policy which in their judgment demand its prompt and firm application.

That the framers of our several state constitutions have at all times held the same high estimate of the importance of this remedy that has for centuries prevailed in England is abundantly proved by the fact that from the organization of the supreme court in 1849 to the present day there has never been an hour when a person invoking the remedy had not the right, by the plain terms of the constitution, under all its changes, to bring his cause to this court for a final adjudication in one form or another. By the constitution of 1849 the supreme court was invested with original and sole jurisdiction to issue the writ of prohibition, and thus was imposed upon it a corresponding obligation to allow the writ, in a proper case, certainly to any person beneficially interested, if not, as in England, to any citizen of the state, suing for the benefit of the public. By the constitution of 1879 the superior court was invested with original jurisdiction concurrent with that of the supreme court in prohibition, and although the supreme court was not then given in express terms any appellate jurisdiction where the original proceeding was commenced in the superior court, there seems never to have been any question of its right to review the decision of the superior court when the appeal was taken. (*McDonald* v. *Agnew*, 122 Cal. 448, [55 Pac. 125] ; *Powelson* v. *Lockwood*, 82 Cal. 613, [23 Pac. 143].)

But if there ever had been any question of the final appellate or original jurisdiction of this court in cases of prohibition, under the constitution of 1879, the question has been set at rest and all uncertainty ended by the recent amendments creating the district courts of appeal and defining their jurisdiction. Under those amendments the supreme court and the superior court retain their concurrent jurisdiction of the original proceeding, and the district courts of appeal are invested with both original and appellate jurisdiction, which can only mean that an appeal lies to those courts in original proceedings commenced in the superior courts, and that this court may, and in a proper case must, review and reverse the decision of the district court of appeal, if erroneous.

Now, in this case the appellant, having been made defendant in a civil action for the recovery of $121, filed a petition in the superior court for a writ prohibiting the police court of the city of Fresno, in which the action was pending, from proceeding to try it, basing his petition upon the ground that the police court had no jurisdiction. A demurrer to his petition was sustained by the superior court and the proceeding dismissed. It cannot be learned from the opinion of the district court of appeal affirming the judgment of the superior court, what the alleged want of jurisdiction consisted in—whether it was of the person or of the subject matter, whether it presented a plain question or a doubtful question—all that, as above stated, was treated as a matter of perfect indifference; and the decision went upon the ground that however plain or doubtful the question of jurisdiction might be, there was no room for prohibition for the reason that an appeal to the superior court from the "judgment sought" was a plain, speedy and adequate remedy to the appellant, even if he was compelled to plead in a court having no jurisdiction. But was it an *adequate* remedy? We may suppose that the allegations of the appellant's petition were true, and that in fact and in law the police court had no jurisdiction, but that the superior court on appeal has erroneously sustained the jurisdiction. The appellant has no further appeal in that action. He must rest content with the erroneous decision of the superior court in a case which the constitution says he may appeal to the district court of appeal, whose decision may be, and in a proper case must be, reviewed by this court. In a proceeding which, by the plain letter of the constitution, may be carried for final judgment to the highest courts of the state, can it be said that another remedy which deprives the petitioner of that constitutional right is *adequate?* Is the right of appeal to the higher courts of no value? Such is certainly not the theory of the constitution, which in creating the appellate and supreme courts necessarily assumes that errors may be committed by the superior courts which they are competent to correct. And what is proclaimed by the constitution as a theory it scarcely becomes us to controvert as a fact. When a citizen brings his appeal to this court, or to the district court of appeal, in a case which by express provision of the constitution is within

our appellate jurisdiction, we cannot turn him out of court upon the ground that another appeal, in another case, which cannot be carried beyond the superior court, is a full and adequate remedy for his grievance, without implying that the right to appeal to the higher courts is of no value.

This is a proposition to which I cannot assent, and least of all in its application to a class of cases which so largely partake of a public character. It is stated by counsel for appellant in his petition for a rehearing that the question as to the civil jurisdiction of the police court of the city of Fresno has long been the subject of vexatious controversy among the members of the local bar. If this is so it is especially important, as it is in all doubtful cases of this sort, that the question should be authoritatively settled by a decision of this court; for the more doubtful such a question is the more it becomes a public question, and the more necessary that it should be set at rest, not only for the benefit of all who are liable to be harassed by the exercise of the asserted jurisdiction if unlawful, but equally for the benefit of those who may have occasion to invoke it, if lawful.

Without dwelling further on the general considerations which sustain the policy of the framers of the constitution in securing the right of all persons, menaced by a threatened usurpation of judicial authority, to invoke the protection of this court directly or by appeal, I wish to notice briefly the cases cited as authority for the decision of the district court of appeal. Most of them are not in point, for they were decisions in original proceedings commenced in this court to prohibit the superior court or judges of those courts from exercising jurisdiction in matters which could be brought here for review on appeal. Of course, in such cases the appeal would secure to the petitioner as full a review in this court of the question of jurisdiction as he could have in prohibition, and was therefore in most cases an adequate remedy. This circumstance marks the wide distinction between all that class of cases and this case in which the petitioner is remitted to an appeal which ends in the superior court, a court with final appellate jurisdiction to decide whether a defendant in an action properly brought before it owes $121—but not the court of last resort upon a question of jurisdiction.

It must be admitted, however, that among the decisions of this court cited in the opinion of the district court of appeal, there are two or three which sustain and would have compelled its conclusion, as well as that of the superior court, that an appeal from ''the judgment sought'' was as complete a remedy as the appellant had any right to claim.

The earliest of these was *Powelson* v. *Lockwood,* 82 Cal. 613, [23 Pac. 143]. That case, however, does not decide the point stated in the first syllabus. What it decides, and all that it decides, is that prohibition does not lie to correct errors of procedure in actions of which an inferior court has jurisdiction. The case, which was an appeal from a judgment of a superior court denying the writ of prohibition, was decided upon its merits, upon the ground, that is to say, that the justice of the peace, although he may have erred in denying the petitioner a jury trial, had not exceeded his jurisdiction—a proposition sustained by numerous decisions of this court rendered before and since that decision. The next case in order of time was *Strouse* v. *Police Court,* 85 Cal. 49, [24 Pac. 747]. That was an original proceeding in this court, and absolutely the correct proceeding, to test the validity of a municipal ordinance, for the alleged violation of which the petitioner was being prosecuted. The decision, after quoting section 1103 of the Code of Civil Procedure, is condensed into five lines of the report, and consists entirely of a citation of *Levy* v. *Wilson,* 69 Cal. 105, [10 Pac. 272], which was a proceeding against the superior court in a matter reviewable on appeal to this court. The fact that Strouse's appeal would end in the superior court, and Levy's appeal would come to this court seems not to have been suggested or considered in that case as affecting the question of remedy. The case of *Valentine* v. *Police Court,* 141 Cal. 616, [75 Pac. 336], was a case on the facts for *certiorari* and not prohibition, though the petitioner did pray for both writs. It was decided on the merits as a proceeding in *certiorari,* and it was also shown that aside from the question of other adequate remedy it was not a case for prohibition. In passing it was said incidentally: ''It is also settled that prohibition cannot be resorted to where, as here, there is a plain, speedy and adequate remedy by appeal'' (to the superior court), citing *White* v. *Superior Court,* 110 Cal. 54, [42 Pac. 471]. The

White case was a proceeding in *certiorari,* had nothing to do with prohibition, and least of all with the application of the doctrine of other adequate remedy. It is no authority for the proposition to which it is cited, which in fact was no part of the matter decided in the Valentine case. It will be seen from this review of the cases in which there was no appeal to the supreme court upon which the question of jurisdiction could be there reviewed, but one of them (the Strouse case) really decides that an appeal ending in the superior court is an adequate remedy to the petitioner in prohibition, ignoring the fact that he is given by the constitution an ampler remedy in the form of an original proceeding in this court or of an appeal *from* the superior court.

It seems to me that the decision in the Strouse case was so plain a renunciation of the original jurisdiction of this court that it cannot be regarded as authority, and the other cases are scarcely in point. Certain it is that no consideration has been given in any of the cases cited to the point I am insisting upon here—that when the constitution gives the district courts and this court appellate jurisdiction in a certain case—as in prohibition—we cannot, upon any excuse, remit a suitor in that case to the final judgment of a subordinate tribunal.