[Civ. No. 22301. Second Dist., Div. Two. Apr. 18, 1957.]

PHILIP LEVERETT SALTONSTALL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MAXINE SALTONSTALL, Real Party in Interest.

Henry B. Ely and Dean M. McCann for Petitioner.

No appearance for Respondent.

Hahn, Ross & Saunders and E. Loyd Saunders for Real Party in Interest.

RICHARDS, J. pro tem.*—Petitioner seeks a writ of prohibition to restrain the respondent court from any further proceedings on a contempt citation.

On October 26, 1956, the petitioner perfected an appeal from an order of the respondent court dated October 17, 1956, directing him to return his child to the mother on or before October 27, 1956. On November 16, 1956, he filed a petition for a writ of supersedeas to stay the enforcement of the order of respondent court pending the appeal and requested a temporary stay. (Rule 49, Rules on Appeal.) On November 19, 1956, this court issued its order as follows: "It is further ordered that enforcement of the order of the Superior Court of Los Angeles County made in the above entitled cause on the 17th day of Oct., 1956 and entered on the 31st day of Oct., 1956, is hereby stayed until determination of this proceeding or until further order of this court." On January 29, 1957, this court rendered its decision denying the writ of supersedeas (*Saltonstall* v. *Saltonstall*, 148 Cal.App.2d 109 [306 P.2d 492]). On February 7, 1957, an order was issued by respondent court directing the petitioner to show cause on February 13, 1957, if any, why he should not be adjudged guilty of contempt for failure to comply with its order of October 17, 1956. Petitioner's motion to dismiss the contempt proceeding, on the ground that the order of this court denying the writ of supersedeas was not final at the time of the issuance of the order to show cause, was denied and the court continued the hearing thereon to a subsequent date. The petition herein was filed February 21, 1957, and an alternative writ of prohibition issued. A petition for rehearing for the writ of supersedeas was denied and a hearing by the Supreme Court was denied March 27, 1957.

It is the contention of the real party in interest that this proceeding is now moot following a denial of a hearing by the Supreme Court. This contention is not tenable. The temporary stay order of this court dated November 19, 1956, restrained all proceedings in connection with the respond-

---

*Assigned by Chairman of Judicial Council.

ent court's order dated October 17, 1956, until the determination of the supersedeas proceedings or until the further order of this court, and the decision of this court on January 29, 1957, denying the petition for writ of supersedeas, did not become final until 30 days thereafter. ▉ Supersedeas is an auxiliary process in aid of appellate jurisdiction to stay proceedings for the enforcement of an order or judgment from which an appeal is taken. (*Smith* v. *Smith*, 18 Cal.2d 462, 464 [116 P.2d 3].) ▉ It is the process of the court to enforce the order or judgment from which the appeal is taken that is involved in the supersedeas proceeding irrespective of the time of the conduct upon which the issuance of such process is predicated. (*Smith* v. *Smith*, *supra*, p. 466.) ▉ A temporary stay granted under Rule 49, Rules on Appeal, operates as a supersedeas and deprives the court of power, during the pendency of such stay, to issue any process to enforce the appealed order (*Owen* v. *Pomona Land etc. Co.*, 124 Cal. 331 [57 P. 71]; *McAneny* v. *Superior Court*, 150 Cal. 6, 8 [87 P. 1020]; *Holcomb* v. *Juster*, 39 Cal.App. 462 [179 P. 445]), from which it follows, that the expiration of the stay cannot infuse power in the court to act upon a process issued in violation of the order of this court. The order to show cause issued by respondent court on February 7, 1957, and prior to the finality of the proceeding for writ of supersedeas was in violation of the order of this court and is void.

It is therefore ordered that a peremptory writ of prohibition issue commanding the respondent court to desist from any further proceedings in connection with the order to show cause dated February 7, 1957.

Fox, Acting P. J., and Ashburn, J., concurred.