[No. 8,919. In Bank.—April 24, 1884.]

## ALICE LEAHY ET AL., RESPONDENTS, *v.* THE SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

PRACTICE — JURY — SUMMONING OF JURORS. — When jurors have not been drawn or summoned to attend a session of court, it may order one to be drawn and summoned, or, without drawing, may order the sheriff to ¡summon a sufficient number of jurors from the body of the county.

EVIDENCE — SUFFICIENCY OF. — The appellant objected that the evidence was insufficient in various particulars, but on examination, *held*, that the objections were not well taken.

APPEAL from a judgment of the Superior Court of the county of Santa Clara, and from an order refusing a new trial.

The plaintiffs were the widow and an infant child of William E. Leahy. . The action was for damages for the death of Leahy, alleged to have been caused by the negligence of defendant. When the case was called for trial, it appeared that the names of the jurors in attendance had not been drawn from the jury box, and that the jury had been summoned by the sheriff under an order of the court. The defendant asked that a jury for the trial of the cause be drawn from the jury box. The request was denied, and the defendant excepted to the ruling.

The other facts sufficiently appear in the opinion.

*L. D. McKisick,* for Appellant.

The court erred in refusing defendant's request that a jury be drawn. (*Baker & Griffin* v. *Steamboat Milwaukee,* 14 Iowa, 221; *Mitchell* v. *Likens,* 3 Blackf. 258; *Mitchell* v. *Denbo,* 3 Blackf. 259; *The State* v. *Da Rocha,* 20 La. An. 356; *State* v. *Morgan,* 20 La. An. 442; *Converse* v. *Grand Rapids R. R. Co.* 18 Mich. 467; *Brown* v. *Commonw.* 73 Pa. St. 321; *Gardner* v. *Turner,* 9 Johns. 260; *Brazier* v. *The State,* 44 Ala. 387; Thompson and Merriam on Juries, § 5, subd. 4; *Gropp* v. *The People,* 67 Ill. 154; Code Civ. Proc. § 600.)

*D. M. Delmas,* for Respondents.

The objection that the jury was not drawn from the box is untenable. The court may order a jury summoned that is not drawn. (Code Civ. Proc. §§ 214, 226; *People* v. *Stuart,* 4 Cal. 218; *People* v. *Williams,* 43 Cal. 344; *People* v. *Devine,* 46 Cal. 47; *People* v. *Davis,* 47 Cal. 93; *People* v. *M'Donnel,* 47 Cal. 134; *Pacheco* v. *Hunsacker,* 14 Cal. 124.

SHARPSTEIN, J.—Jurors not having been drawn or summoned to attend the session at which this action was tried, the court was authorized to order a sufficient number to be forthwith drawn and summoned to attend court, or by an order entered in its minutes to direct the sheriff forthwith to summon so many good and lawful men of the county to serve as jurors, as might be required. (Code Civ. Proc. § 226.) The court adopted the latter method. This constitutes no error in law, nor even irregularity in the proceedings of the court.

The exception to the ruling of the court, on the defendant's objection to evidence of the condition of the remains of the deceased, cannot be sustained.

On the question of defendant's negligence there was sufficient evidence introduced by the plaintiff to justify the court in submitting it to the jury.

The motion for nonsuit was properly overruled.

Several instructions were asked by the defendant and refused by the court. But it does not appear that any exception was

taken.  In the absence of an exception, none of said rulings can be reviewed here.

On the trial certain facts were established beyond controversy:

1. The plaintiff's intestate, Leahy, was killed while in the employment of defendant as a brakeman on one of its freight trains.

2. There was a flaw or crack in the hub of the wheel, which said Leahy had to turn in order to set up the brake for the purpose of checking the movement of the train.

3. The hub of said wheel was rendered more liable to break by reason of said flaw or crack.

4. If it broke while the brakeman was setting up the brake there would be great danger of his being precipitated between two cars and killed.

The jury were justified in finding that the death of said Leahy was caused by said wheel breaking while he was in the act of setting up the brake.

Defendant s counsel, however, insist that the flaw or crack in the hub of said wheel was invisible so long as said wheel was in place, and that there is no evidence which tends to prove that said wheel was not sound and safe when placed in position; and that the evidence shows that defendant employed a competent person to 'inspect said wheel and that the same was inspected by him as often as a due regard for the safety of the brakeman required that it should be.  The plaintiff introduced some evidence which tended to show that said flaw or crack could not have been difficult of discovery when said wheel was in place; and the jury had before it the broken wheel, as well as other wheels of the same kind, and it is impossible for us to say how much the jury may have been aided thereby in determining whether said flaw or crack might have been discovered by the exercise of due diligence on the part of defendant. Upon that question we think there is a substantial conflict of evidence.

It is further claimed on behalf of defendant that notwithstanding said flaw or crack, said wheel could not have been broken by said Leahy, if he had not, in violation of a rule of defendant, used a lever or club to set up the brake; and there is evidence tending to prove that Leahy had a club of that

description on the train of which he was a brakeman. One witness testified for the defense that, on the morning of the accident, he saw a brakeman on the defendant's train at or near the time and place where Leahy was killed "setting up a brake on top of a box-car with a club." If the jury had given full credit to the testimony of this witness, it would doubtless have found that Leahy was the brakeman whom the witness saw on that occasion. Another witness for the defense testified that he found a brakeman's club about ten hours after the accident, on the railroad track within twenty-nine steps of the place where he had previously found Leahy's body. That the club so found had been Leahy's is not disputed. There was evidence tending to prove that it was dangerous to use such a club in setting up brakes.

The plaintiff, in rebuttal, introduced a witness who testified that he saw Leahy just before the accident going towards the wheel which broke, and that when within four feet of it he had no club. Another testified that he, with many others, walked up and down the track where, and soon after, the accident occurred, and that he saw no club, although it was a subject of conversation between him and some of those who were with him. The plaintiff's counsel insists that it is highly improbable that this witness and those who were with him would have overlooked a club, about which they were conversing, if it had been on the track, at the point, and in the position, where defendant's witness testified to finding it. It is further contended, that the jury might well have doubted the accuracy of the witness who testified to having seen a person on the train of which Leahy was a brakeman, setting up a brake with a club. That witness was an engineer, who, at the time, had charge of a locomotive to which was attached a train of cars then in motion, on a road which, at that point, runs near defendant's road. As both trains were moving at some distance from each other, it is claimed that he was not in a position to observe accurately the actions of a brakeman on the neighboring train. These were circumstances which the jury might properly consider in determining whether Leahy used a club in setting up the brake on that occasion. The jury had an opportunity for observing the appearance and manner of the witnesses introduced by both

sides, and of inspecting the club and broken wheel. Experiments also were made in the presence of the jury, the result of which may have greatly influenced their verdict. How much enlightenment the jury may have derived from these circumstances cannot be estimated by the court. Therefore, a case is not presented in which we would be authorized to hold that the evidence is insufficient to justify the verdict of the jury and the decision of the court on a motion for a new trial.

Judgment and order affirmed.

MORRISON, C. J., THORNTON, J., ROSS, J., and McKEE, J., concurred.

MYRICK, J., dissenting.— As I understand the testimony, there is no conflict as to the proposition that the deceased was, at the time of the occurrence, endeavoring to "set up" the brake with the use of a brake-club; that the use of a club was prohibited by the defendant, and that such use contributed directly to the calamity. I therefore dissent.

As to the other points referred to in the foregoing opinion, I agree with my associates.