[Crim. No. 920.   Second Appellate District, Division One.—October 24, 1922.]

## THE PEOPLE, Respondent, v. SUSANO GARCIA, Appellant.

[1] JURIES AND JURORS—SELECTION FROM BODY OF COUNTY—ABSENCE OF ERROR.—Where at the time a cause comes on for trial there is no regular panel of jurors in attendance, and the court orders a special venire to be summoned by the sheriff, the requirement in that order that the jurors be selected "from the body of the county and not from the bystanders" does not constitute grounds for reversal of the judgment of conviction, in the absence of a showing that the defendant was prejudiced thereby.

[2] ID.—STATUTORY REQUIREMENTS—SUBSTANTIAL COMPLIANCE.—There is no constitutional right in a defendant to have procedure respecting the summoning of a jury which may sit at his trial strictly and exactly followed, it being sufficient that there be a substantial compliance with the statute; and prejudice will not be presumed from a departure from the statutory procedure.

[3] ID.—DISQUALIFICATION OF BYSTANDERS—CONSTRUCTION OF CODE.—The language of section 226 of the Code of Civil Procedure, which provides that where no jurors are drawn or summoned to attend, or a sufficient number fail to appear, the court may direct the sheriff to summon "so many good and lawful persons of the county, . . . as may be required," imports in its requirements that the selection shall not be made from bystanders.

[4] ID.—MEMBERSHIP IN K. K. K.—ABSENCE OF DISQUALIFICATION.—The challenge to the panel, on the ground of bias, based upon the claim that the jurymen and the deputy sheriffs who summoned them were members of the "K. K. K.'s" and that under the obligation taken as such members of that organization they could not do justice in a cause where a defendant was a foreigner or was of a particular religious faith, was properly denied where, although one of the deputy sheriffs admitted that he had made application for membership in that organization, but stated that he had not taken the obligation thereunder, and several of the jurymen admitted that they were members of that organization, it was not shown that they had taken any such obligation, but each stated that the obligation taken was not of a character as would influence them in considering fairly the case between the people and the defendant, or in rendering an impartial verdict.

[5] ID.—AIMS, OBJECTS, AND PURPOSES OF K. K. K.—HEARSAY.—In the examination of such jurors upon their *voir dire,* the trial court did not commit error in refusing to admit in evidence an

article printed in a magazine which purported to set forth the aims, objects, and purposes of the K. K. K. organization, such matter having been hearsay twice removed.

[6] CRIMINAL LAW—MOTION FOR CONTINUANCE—INSUFFICIENT SHOWING.—The trial court did not commit error in refusing to grant defendant's motion for a continuance of the trial, the motion having been an oral one, unsupported by any other showing whatsoever, and referred to the fact that the wife of the defendant, who was then in Mexico, and who had not been subpoenaed and was beyond the reach of a subpoena had one been issued, was ill and could not attend at the day fixed for the hearing.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Birkhauser for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of kidnaping. A motion for a new trial was denied. Defendant has appealed from the judgment and from the order denying the motion.

It may be stated at the outset that not only was the evidence showing the guilt of the defendant most ample and complete, but it showed further that the crime was accomplished in a particularly cruel and brutal manner. The facts may be briefly adverted to: About the 1st of June, 1921, Cruz Moreno Singh resided with her husband, Dewan Singh, at a point in Imperial County about six hundred feet from the Mexican border. She was a young woman and had been married about a month at the time of the occurrence hereinafter referred to. With her resided her young sister, aged sixteen years. The husband was engaged in farming, and on the day in question was at work a mile or more from his home. Late in the afternoon the appellant herein, in company with another man (both being Mexicans), entered the house where Mrs. Singh and her sister were, exhibited revolvers and a knife, seized Mrs. Singh and the girl and proceeded to drag them out of the house. The latter resisted to the utmost of their strength until finally

one of the men struck Mrs. Singh a hard blow on the head
with a revolver and she became unconscious. The men then
carried and dragged their victims across the line into Mexico.
From that point they were compelled to walk to a Mexican
settlement some eight or nine miles toward the interior of
the country. They were placed in a house occupied by a
Mexican family, from which, the second night thereafter,
with the aid of a Mexican whose assistance they procured
with an offer of fifty dollars, they escaped and returned to
the house of friends on the American side. The appellant
here was not arrested for some months afterward, although
his identity was known to the officers, for he remained on
Mexican ground. He was finally caught after having driven
an automobile across the line, and his trial and conviction
followed.

[1] Appellant's claims for reversal are based upon highly
technical grounds, and after a careful examination of each
of them we are convinced that they have no substantial
merit. At the time the cause came on for trial there was no
regular panel of jurors in attendance, and the court ordered
a special venire to be summoned by the sheriff, and in the
order required that the jurors be selected "from the body
of the county and not from the bystanders." Appellant
insists that such language in the order is only authorized
where the object is to complete a panel where a sufficient
number of persons have not been summoned, as in a case cov-
ered by the provisions of section 227 of the Code of Civil
Procedure. The action taken by the court was under the
provisions of section 226 of the Code of Civil Procedure,
which provides that where no jurors are drawn or summoned
to attend, or a sufficient number fail to appear, the court
may direct the sheriff to summon "so many good and lawful
persons of the county, . . . as may be required." Assuming
that under the latter provisions the order would not exclude
bystanders from selection, it is not shown how the appellant
was or could have been prejudiced at all. [2] There is no
constitutional right in a defendant to have procedure re-
specting the summoning of a jury which may sit at his trial
strictly and exactly followed. The procedure is statutory
and a substantial compliance therewith is all that the parties
are entitled to insist upon. (*People* v. *Nakis,* 184 Cal. 105
[193 Pac. 92].) Prejudice will not be presumed from a de-

parture from the statutory procedure. [3] Moreover, the language of section 226 of the Code of Civil Procedure imports in its requirement as to the summoning of jurors that the selection shall not be made from bystanders. In *People* v. *Vincent,* 95 Cal. 426 [30 Pac. 582], the court said: " . . . the court, under section 226 of the Code of Civil Procedure, may at any time direct the sheriff to summon jurors from the body of the county, although there be names of properly selected regular jurors in the jury-box; and when, from any cause, there are no regular jurors to be drawn from, the very case arises where the court may, without any doubt whatever, exercise the power granted by said section 226." (See, also, *Leahy* v. *Southern Pac. R. R. Co.,* 65 Cal. 150 [3 Pac. 622]; *Levy* v. *Wilson,* 69 Cal. 105 [10 Pac. 272].) The challenge to the panel on the ground indicated was properly denied. [4] The further challenge to the panel, on the ground that the deputy sheriffs who summoned the jurymen were biased, was not well-grounded. Appellant both in his examination of the deputy sheriffs and of the jurors sought to show that such officers and jurors were members of an organization called the "K. K. K.'s," and that under the obligation taken as such members of such organization they could not do justice in a cause where a defendant was a foreigner or was of a particular religious faith. One of the deputy sheriffs who summoned the jurymen admitted that he had made application for membership in an organization known under the style of "K. K. K.'s" but stated that he had taken no obligation thereunder. Several of the jurymen admitted that they were members of the organization referred to, and that they had taken an obligation as such members, but each and all of the persons examined as to that subject positively stated that such obligation was not of a character as would influence them in considering fairly the case between the people and the defendant, or in rendering an impartial verdict thereon, and that it would not have that effect. [5] Just what that obligation was, appellant's counsel made no attempt to show, except that he offered in evidence an article printed in a magazine which purported to set forth the aims, objects, and purposes of the K. K. K. organization. One of the errors claimed is the ruling of the court in refusing to admit the magazine article in evidence. Such mat-

ter was hearsay twice removed and was most properly ruled out. Full scope was given to the examination of the jurors as conducted by appellant's counsel, and the challenges made, both as to the panel and individual members selected to compose the jury, were properly denied.

[6] Appellant complains that the court erred in refusing to grant his motion for a continuance of the trial. The motion was an oral one, unsupported by any other showing whatsoever, and referred to the fact that the wife of the defendant, who was then in Mexico, was ill and could not attend at the day fixed for the hearing. In the first place, a *prima facie* showing was not made to support the motion. The witness had never been subpoenaed, so far as appears, and was out of the jurisdiction of the court; hence beyond the reach of a subpoena had one been issued. The court could not have fairly concluded from the oral statement of counsel that there was any probability that the attendance of the witness could be obtained in the event a continuance was granted. It appeared further that the witness had testified at a former trial and the district attorney announced himself as being willing that her testimony so recorded be read to the jury.

The instructions given by the trial judge were full and fair, and every right which the law accords to a defendant was secured to appellant.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1922.

All the Justices present concurred.